

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

GARY LA BARBERA, THOMAS GESUALDI    *
LAWRENCE KUDLA, LOUIS BISIGNANO,    *
ANTHONY PIROZZI, FRANK FINKEL,    *
JOSEPH FERRARA, SR., LYNN MOUREY    *
MARC HERBST, and THOMAS PIALI    *
as Trustees and Fiduciaries of the Local 282   *
Pension Trust Fund,    *
   *
   *
      Plaintiffs,    *
   *
    - against -    *    07-CV-5763 (JSR)
   *
JUDA CONSTRUCTION, LTD.; FULLERTON   *
LAND DEVELOPMENT, LTD. a/k/a    *
FULLERTON AVENUE LAND DEVELOPMENT, *
LTD.; CTJ CONSTRUCTION, LTD.; CHATHAM *
CONSTRUCTION, LTD.; FINESSE    *
CONSTRUCTION LLC; INNOVATIVE    *
DISPOSAL SYSTEMS LLC; PURE EARTH,   *
INC.;   PURE EARTH TRANSPORTATION AND *
DISPOSAL SYSTEMS, INC. a/k/a AMERICAN   *
TRANSPORTATION AND DISPOSAL    *
SYSTEMS, LTD.; PURE EARTH MATERIALS, *
INC. a/k/a SOUTH JERSEY DEVELOPMENT, *
INC.; THOMAS ATTONITO; NICHOLAS   *
PANICCIA; and CHRISTOPHER UZZI,    *
   *
      Defendants.    *

----------------------------------------------------------X

## AMENDED COMPLAINT

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282

Pension Trust Fund (the "Fund"), by their attorneys, Friedman & Wolf, allege as follows:

## JURISDICTION

1.   The Trustees bring this action to obtain a judgment against Defendants for

unpaid withdrawal liability, the attendant remedies pursuant to the Employee Retirement Income

Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and all appropriate legal or equitable relief.

2.      Jurisdiction is invoked pursuant to ERISA §§ 502(e) and 502(f), 29 U.S.C. §§ 1132(e) and 1132(f), and ERISA § 4301(c), 29 U.S.C. § 1451(c).

3.      In bringing this action, pursuant to 29 U.S.C. §§ 1132(a)(3), 1145, and 1451, the Trustees seek to enforce ERISA Sections 4201 et seq., 29 U.S.C. § 1381 et seq., and the terms of the Agreement and Declaration of Trust ("Trust Agreement").

VENUE

4.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301 of ERISA, 29 U.S.C. § 1451(d), because Defendants reside or do business within this District.

PARTIES

5.      Plaintiffs Gary La Barbera, Thomas Gesualdi, Lawrence Kudla, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Lynn Mourey, Marc Herbst, and Thomas Piali are the Trustees and Fiduciaries, and the plan sponsor, of the Local 282 Pension Trust Fund, which was and is a joint labor-management trust fund and multiemployer employee benefit plan, with its offices located in Lake Success, New York.  The Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with the Trust Agreement and numerous collective bargaining agreements between Local 282, I.B.T., an

employee organization representing employees engaged in commerce, and numerous employers

engaged in activities affecting commerce.  Numerous employers are required by the collective

bargaining agreements to contribute to the Fund.

6.      Upon information and belief, Defendant Juda Construction, Ltd. ("Juda")

is a New York corporation and subsidiary of Defendant Pure Earth, Inc., that maintains its

principal place of business at 1215 East Bay Avenue, Bronx, New York, 10474, and employs at

least one employee covered by a collective bargaining agreement with Local 282.  At all times

material hereto, Juda has been engaged in the business of hauling materials from construction

sites.

7.      Upon information and belief, Fullerton Land Development, Ltd. a/k/a

Fullerton Avenue Land Development, Ltd. ("Fullerton Land"), is a company that maintains its

principal place of business at 300 Fullerton Avenue, Yonkers, New York, 10704 ("300 Fullerton

Avenue").

8.      Upon information and belief Fullerton Land was owned by Debra Attonito

(Defendant Thomas Attonito's stepmother), Adrienne Attonito (Defendant Thomas Attonito's

wife), and Joanne Uzzi (Defendant Christopher Uzzi's wife) from in or about 1998 to in or about

2003.

9.      Upon information and belief Fullerton Land was owned by Christopher

Uzzi from in or about 2003 until ownership was transferred to Defendant Thomas Attonito,

Defendant Nicholas Paniccia and Edward Solick.

10.      Upon information and belief Fullerton Land is currently is owned by

Defendant Thomas Attonito, Defendant Nicholas Paniccia and Edward Solick.

11.    Upon information and belief, CTJ Construction, Ltd. ("CTJ") is a New York Corporation with its principal place of business at Defendant Thomas Attonito's home at 2 Birch Street, White Plains, New York 10604.

12.    Upon information and belief, at all times material hereto, CTJ has been engaged in the business of supervising Defendant American Transportation's jobs at construction sites, including hauling materials from construction sites, doing clerical work for American Transportation, and some excavation work.

13.    Upon Information and belief, Chatham Construction, Ltd. ("Chatham") is a New York corporation that maintained its principal place of business at all times relevant to this action at 636 Saw Mill River Road, Yonkers, New York, 10710.  At all times material hereto, Chatham has been engaged in the business of hauling materials from construction sites.

14.    Upon information and belief, Finesse Construction LLC ("Finesse") is a company that is or was owned by Vanessa Rodriguez, maintains a principal place of business at 745 Ten Eyck Avenue, Lyndhurst, New Jersey, 07071, employs at least one driver covered by a contract with Local 282, and performs work in New York.  At all times material hereto, Finesse has been engaged in the business of "demolition work."

15.    Finesse is affiliated with or, upon information and belief, owned by Pure Earth, Inc.

16.    Upon information and belief, Innovative Disposal Systems LLC ("Innovative") is a company that is or was owned by Jani Rodriguez and Vanessa Rodriguez, that maintains a principal place of business at 745 Ten Eyck Avenue, Lyndhurst, New Jersey, 07071, employs at least one driver covered by a contract with Local 282, and performs work in

New York.  At all times material hereto, Innovative has been engaged in the business of hauling materials from construction sites.

17.    Jani Rodriguez and Vanessa Rodriguez are married.

18.    Innovative is affiliated with or, upon information and belief, owned by Pure Earth, Inc.

19.    Upon information and belief, Pure Earth, Inc. ("Pure Earth"), is a Delaware Corporation that maintains its corporate headquarters at One Neshaminy Interplex, Suite 201, Trevose, Pennsylvania, 19053, and a New York office at 400 East Tiffany Street, Bronx, New York, 10474, which is the same address as Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd.  At all times material hereto, Pure Earth has been engaged in the business of the handling excavated soil at urban construction projects.

20.    Upon information and belief, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. ("American Transportation") is a subsidiary of Pure Earth, Inc. and maintains a principal place of business at 400 East Tiffany Street, Bronx, New York, 10474.  At all times material hereto, American Transportation has been engaged in the business of hauling materials from construction sites.

21.    Upon information and belief Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. ("South Jersey") is a Pennsylvania corporation located at Two Bala Plaza #300, Bala Cynwyd, Pennsylvania, 19004.  At all times material hereto, South Jersey has been engaged in the business of hauling materials from construction sites.

22.    Thomas Attonito is an individual residing at 2 Birch Street, White Plains, New York 10604.

23.    Thomas Attonito is the sole owner of Defendant CTJ.

24.    Thomas Attonito is at least partial owner of Fullerton Land.

25.    Thomas Attonito was the sole owner of the Judgment Debtor, Whitney Trucking, Inc.

26.    Upon information and belief, Nicholas Paniccia ("Paniccia") is an individual who resides at 7 Valhalla Avenue, White Plains, New York, 10603.

27.    Upon information and belief, Paniccia is currently the President of Juda and, prior to its acquisition, Juda's sole owner.

28.    Upon information and belief, Paniccia is a shareholder of Pure Earth, Inc., which acquired Juda by stock exchange.

29.    Upon information and belief, Paniccia is also an owner of Fullerton Land.

30.    Upon information and belief, Christopher Uzzi is an individual who resides at 70 Beverly Road, Yonkers, New York, 10710.

31.    Upon information and belief, Christopher Uzzi is currently the President of Pure Earth Transportation and Disposal Systems a/k/a American Transportation.

32.    Upon information and belief, Christopher Uzzi was the sole owner of American Transportation prior to its acquisition by South Jersey.

33.    Upon information and belief, he is a shareholder of Pure Earth, Inc., the stock of which was exchanged to acquire American Transportation.

34.    Upon information and belief, Christopher Uzzi was also the sole owner of Fullerton Land from on or about 2003 until date unknown.

## PRIOR JUDGMENT AGAINST WHITNEY TRUCKING

35.     According to the Fund's records, as of May 2004, Whitney Trucking, Inc. ("Whitney Trucking" or the "Judgment Debtor") permanently ceased all contributions to the Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Fund constitutes a "complete withdrawal" from the Fund.

36.     Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Whitney Trucking is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund calculated Whitney Trucking's withdrawal liability to be $569,394.00.

37.     By letter dated August 29, 2005, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article XI, Section 5(c)(1) of the Trust Agreement, the Fund sent Whitney Trucking a written demand for payment of its withdrawal liability and informed Whitney Trucking that it could amortize payments in forty-three (43) consecutive monthly installments of $14,366.64 per month, starting October 1, 2005, plus a final payment of $12,240.17.

38.     The demand also directed Whitney Trucking to ERISA § 4219, 29 U.S.C. § 1399, for a description of the rights Whitney Trucking might have in connection with the Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

39.     Whitney Trucking failed to challenge to the Fund's withdrawal liability assessment.

40.    Whitney Trucking failed to make the initial monthly payment of $14,366.64 due on October 1, 2005.

41.    The Fund notified Whitney Trucking of its delinquency by letter dated November 2, 2005. Whitney Trucking did not make and has never made its initial monthly payment or any other payments.

42.    By failing to make its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Whitney Trucking defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement.

43.    The entire outstanding balance of withdrawal liability ($569,394.00), plus interest running from October 1, 2005, is therefore due and owing pursuant to ERISA §§ 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1399(c)(5) and 1451(b), and ERISA § 515, 29 U.S.C. § 1145.

44.    Pursuant to ERISA §§ 502(g)(2)(B), 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 419.32, the Fund is entitled to receive interest on delinquent withdrawal liability payments from October 1, 2005, to the date judgment is entered.

45.    In accordance with Article XI, Section 5(e) of the Trust Agreement and ERISA §§ 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Whitney Trucking is obligated to pay the greater of liquidated damages of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth in paragraph 13 above, plus costs and attorneys' fees.

46.    On May 18, 2006, the Fund filed suit in the Southern District of New York, in La Barbera, et al. v. Whitney Trucking, Inc., 06-CV-3818 (JSR), against Whitney Trucking to collect its unpaid withdrawal liability pursuant to ERISA Sections 4201 et seq., 29 U.S.C. § 1381 et seq., and the Fund's Trust Agreement.

47.    A copy of the Summons and Complaint in that action was served on Whitney Trucking through the New York Secretary of State on June 15, 2006.

48.    Whitney Trucking failed to appear in that action.

49.    The Trustees sent by overnight mail their Notice of Default Motion and all motion papers to the following addresses: Whitney Trucking, 636 Saw Mill River Road, Yonkers, New York, 10710;  c/o Whitney Contracting, 400 Tiffany Street, Bronx, New York 10474; and c/o Juda Construction, Ltd., 300 Fullerton Avenue, Yonkers, New York, 10704.

50.    On August 1, 2006, Judge Jed S. Rakoff awarded the Trustees a default judgment ordering Whitney Trucking to pay $709,918.45 (the "Judgment Amount"), comprising $569,394.00 in withdrawal liability, $20,473.15 in interest, $113,878.80 in liquidated damages, and $6,172.50 in attorneys' fees and costs, plus $97.37 in per diem interest from July 26, 2006 through the date the judgment is entered.

51.    On August 2, 2006, the Trustees sent Whitney Trucking the Court's August 1, 2006 Judgment and a demand for payment to the following addresses: Whitney Trucking, 636 Saw Mill River Road, Yonkers, New York, 10710;  c/o Whitney Contracting, 400 Tiffany Street, Bronx, New York  10474; and c/o Juda Construction, Ltd., 300 Fullerton Avenue, Yonkers, New York, 10704.

52.    To date, Whitney Trucking has failed to pay any portion of the August 1, 2006 Judgment amount.

53.    To date, none of the Defendants have paid any portion of Whitney Trucking's withdrawal liability.

## COLLECTIVE BARGAINING AGREEMENTS WITH LOCAL 282

54.    Whitney Trucking has been a signatory to a series of collective bargaining agreements with Local 282 through Memoranda of Agreement, effective from at least April 16, 1997 through June 30, 2006.

55.    Juda is a signatory to a series of collective bargaining agreements with Local 282, effective from at least February 3, 2004 through June 30, 2009.

56.    Chatham has been a signatory to a series of collective bargaining agreements with Local 282, effective from at least May 10, 2004 through June 30, 2006.

57.    Innovative has been a signatory to a series of collective bargaining agreements with Local 282, effective from at least December 2006 through the present.

58.    Finesse has been a signatory to a series of collective bargaining agreements with Local 282, effective from at least December 2006 through the present.

59.    At all times material hereto, Whitney Trucking, Juda, Chatham, Innovative, and Finesse were subject to and bound by the Trust Agreement, which is incorporated by reference into the collective bargaining agreements.

60.    The collective bargaining agreements, together with the Trust Agreement, and ERISA Sections ERISA Sections 4201 et seq., 29 U.S.C. § 1381 et seq. required Whitney Trucking to pay $569,394.00 in withdrawal liability plus interest, liquidated damages, legal fees and costs.

## BACKGROUND

61.     Upon information and belief, Whitney Trucking ceased operations because it could not obtain a New York City Business Integrity Commission license.  The cessation of Whitney Trucking's operations constituted a complete withdrawal pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a).

62.     When Whitney Trucking ceased operations, the employees of Whitney Trucking went to work for Chatham, which was owned by Thomas Attonito's father, Joseph Attonito.

63.     Chatham operated out of the same location as Whitney Trucking, employed the same drivers, and was jointly managed and controlled by Thomas Attonito, Joseph Attonito and Christopher Uzzi.

64.     Chatham, as Whitney Trucking had done before it, continued to use equipment and trucks owned by Juda.

65.     The same drivers continued to report to the truck yard at 300 Fullerton Avenue, Yonkers, New York, 10704, which is owned by Fullerton Land.

66.     Chatham continued the operations of Whitney Trucking.

67.     Chatham, like Whitney Trucking before it, worked for Whitney Contracting.

68.     Whitney Contracting operated out of the same location as Whitney Trucking and Chatham and its operations were commingled with those of Whitney Trucking and Chatham.

69.    Thomas Attonito, Joseph Attonito, and Christopher Uzzi ran the day to day operations of Whitney Contracting and Chatham, just as they had managed Whitney Trucking.

70.    Upon information and belief, Whitney Contracting fully funded Whitney Trucking and Chatham, which were completely dependant on Whitney Contracting.

71.    Upon information and belief, Chatham then ceased operations because of its own Business Integrity Commission permit problems.

72.    The employees of Chatham then went to work for  a company known as Toretta.

73.    Upon information and belief, Toretta continued to use Juda's trucks and do work for Whitney Contracting using the same drivers as had been previously employed by Whitney Trucking and Chatham.

74.    Upon information and belief, the business operation of Whitney Trucking then moved from Toretta to Juda.

75.    Juda initially operated out of an office at 636 Saw Mill River Road in Yonkers, which was the location of Whitney Trucking, Whitney Contracting, and Chatham.

76.    Upon information and belief, all of the drivers that had worked for Whitney Trucking then Chatham then Toretta then moved over to work for Juda.

77.    Upon information and belief, those same employees are currently working for Juda.

78.    Juda uses its own trucks and equipment that were previously used by Whitney Trucking, Chatham and Toretta.

79.    Upon information and belief, Juda was owned by Nicholas Paniccia and is jointly operated by Paniccia, Attonito, and Uzzi.

80.    Juda is part of what Thomas Attonito describes as that "whole mixed bag" of companies.

81.    Upon information and belief, on or about June 20, 2006, Juda was acquired by Pure Earth.

82.    Nicholas Paniccia remains Juda's President.

83.    Upon information and belief, once Whitney Contracting ceased operations, American Transportation, which was owned by Christopher Uzzi, hired Juda to do its work.

84.    American Transportation hires Defendant CTJ to supervise the work.

85.    Thomas Attonito and Christopher Uzzi direct the day-to-day operations of American Transportation.

86.    Upon information and belief, on or about January 20, 2006, Pure Earth acquired American Transportation.

87.    Christopher Uzzi is the President of Pure Earth Transportation a/k/a American Transportation, which is now a Pure Earth subsidiary.

88.    Jani Rodriquez signed a joint Memorandum of Agreement with Local 282 on behalf of both Innovative and Finesse.

89.    Innovative and Finesse operate out of the same location.

90.    Thomas Attonito contacted the Fund office on or about April 17, 2007, stating that he is from Pure Earth and that he will be handling the matter of Innovative's contribution delinquency.

91.     Thomas Attonito informed the Fund office that Innovative is part of the Pure Earth group.

92.     On or about April 25, 2007, Nicholas Paniccia informed the Fund office that he is involved with Innovative in "a big way" and does Innovative's books and records.

JUDA

93.     Upon information and belief, Juda is a successor to Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

94.     Upon information and belief, Juda is a single employer with Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

95.     Upon information and belief, Juda is a trade or business under common control with Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

96.     Juda settled a different prior dispute with the Local 282 Funds on behalf of Whitney Trucking by accepting joint and several liability with Whitney Trucking and paying many of the settlement installments.

97.     Upon information and belief, the management of Juda consists of the same individuals as the management of Whitney Trucking, Fullerton Land, CTJ, Chatham, Finesse,

Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

98.    Upon information and belief, the supervision of Juda consists of the same individuals or individuals as the supervision of Whitney Trucking, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

99.    Upon information and belief, the operations of Juda and Whitney Trucking are/were interrelated.

100.    Upon information and belief, control of labor relations of Whitney Trucking and Juda was centralized in that Thomas Attonito and/or Nicholas Paniccia are the contact persons and handle all union related matters for both companies.

101.    Upon information and belief, Whitney Trucking, Juda, CTJ, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation are/were engaged in the same business of hauling materials from construction sites.

102.    Upon information and belief, at all times relevant to this action, Juda, CTJ, Chatham, Pure Earth, Inc., South Jersey, and American Transportation service(d) the same customers serviced by Whitney Trucking.

103.    Juda owns and uses the equipment formerly used by Whitney Trucking, Chatham, and Toretta, including trucks.

104.    Upon information and belief, Juda employs almost all of the same individuals who were once employed by Whitney Trucking and Defendant Chatham.

105.    When Whitney Trucking ceased operations, its employees became employed by Chatham.

106.    When Chatham ceased operations, the same employees became employed by Toretta.

107.    When Toretta ceased operations, the same employees were then employed and remain employed by Juda.

108.    Upon information and belief, at all times relevant to this action, employees of Juda and Chatham worked out of the same locations as the employees of Whitney Trucking had, namely the truck yard at 300 Fullerton Avenue.

109.    Upon information and belief, Juda initially operated out of the same office space as Whitney Trucking and Chatham, namely 636 Saw Mill River Road in Yonkers.

110.    Juda had notice of Whitney Trucking's withdrawal liability.

111.    Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

112.    The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to Plaintiffs' suit.

113.    Upon information and belief, Juda continued the business operations of Whitney Trucking, Chatham and Toretta.


CHATHAM

114.    Upon information and belief, Chatham is a successor to Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

115.    Upon information and belief, Chatham is a single employer with Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

116.    Chatham paid installments on behalf of Whitney Trucking on a prior settlement agreement between Whitney Trucking, Juda, and the Local 282 Funds.

117.    Upon information and belief, the management of Chatham consisted of the same individuals as the management of Whitney Trucking, Juda, CTJ, Fullerton Land, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation, namely, Joseph Attonito, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

118.    Upon information and belief, the supervision of Chatham consisted of the same individuals as the management of Whitney Trucking, Juda, CTJ, Fullerton Land, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation, namely, Joseph Attonito, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

119.    Upon information and belief, the operations of Chatham and Whitney Trucking were interrelated.

120.    Upon information and belief, control of labor relations of Whitney Trucking and Chatham was centralized in that Thomas Attonito and/or Joseph Attonito were the contact persons and handle all union related matters for both companies.

121.    Whitney Trucking, Juda, CTJ, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation are/were engaged in the same or similar business of hauling materials from construction sites.

122.    Upon information and belief, at all times relevant to this action, Juda, CTJ, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation service(d) the same customers serviced by Whitney Trucking.

123.    Juda owns and/or uses the equipment formerly used by Whitney Trucking, Chatham, and Toretta, including trucks.

124.    Upon information and belief, Chatham employed almost all of the same individuals who are/were employed by Whitney Trucking and Juda.

125.    When Whitney Trucking ceased operations, its employees became employed by Chatham.

126.    When Chatham ceased operations, the same employees became employed by Toretta.

127.    When Toretta ceased operations, the same employees were then employed and remain employed by Juda.

128.    Upon information and belief, at all times relevant to this action, employees of Juda and Chatham worked out of the same locations as the employees of Whitney Trucking had, namely the truck yard at 300 Fullerton Avenue in Yonkers.

129.    Upon information and belief, Chatham operated out of the same office space as Whitney Trucking and Juda, namely 636 Saw Mill River Road in Yonkers.

130.    Chatham had notice of Whitney Trucking's withdrawal liability.

131.    Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

132.    The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc.,

namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to Plaintiffs' suit.

133.    Chatham continued the business operations of Whitney Trucking.


FULLERTON LAND

134.    Upon information and belief, Fullerton Land is a successor to Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

135.    Upon information and belief, Fullerton Land is a single employer with Whitney Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

136.    Upon information and belief, Fullerton Land is a trade or business under common control with American Transportation pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

137.    Fullerton Land owns the property at 300 Fullerton Avenue in Yonkers.

138.    Upon information and belief Fullerton Land was owned by Debra Attonito (Defendant Thomas Attonito's stepmother), Adrienne Attonito (Defendant Thomas Attonito's wife), and Joanne Uzzi (Defendant Christopher Uzzi's wife) from in or about 1998 to in or about 2003.

139.    Upon information and belief Fullerton Land was owned by Christopher Uzzi from in or about 2003 until ownership was transferred to Defendant Thomas Attonito, Defendant Nicholas Paniccia and Edward Solick.

140.    Upon information and belief Fullerton Land is currently is owned by Defendant Thomas Attonito, Defendant Nicholas Paniccia and Edward Solick.

141.    Upon information and belief, the management of Fullerton Land consists of the same individuals as the management of Whitney Trucking, Juda, CTJ, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation, namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

142.    Upon information and belief, the supervision of Fullerton Land consists of the same individuals or individuals as the supervision of Whitney Trucking, Juda, CTJ, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation, namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

143.    Upon information and belief, the operations of Fullerton Land and Whitney Trucking are/were interrelated.

144.    At all times relevant hereto, the equipment and trucks shared by Whitney Trucking, Chatham, Toretta, and Juda were parked at 300 Fullerton Avenue in Yonkers.

145.    At all times relevant hereto, the employees of Whitney Trucking, Chatham, Toretta, and Juda reported to 300 Fullerton Avenue.

146.    Upon information and belief, Fullerton Land operated out of the same location as Whitney Trucking, Chatham, and Juda.

147.    Fullerton Land had notice of Whitney Trucking's withdrawal liability.

148.    Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

149.    The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc.,

namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to

Plaintiffs' suit.

## CTJ

150. Upon information and belief, CTJ is a successor to Whitney Trucking and

is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

151. Upon information and belief, CTJ is a single employer with Whitney

Trucking and is liable for Whitney Trucking's withdrawal liability and attendant ERISA

remedies.

152. Upon information and belief, CTJ is a trade or business under common

control with Whitney Trucking pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is

liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

153. CTJ is solely owned by Thomas Attonito.

154. Thomas Attonito was also the sole owner of Whitney Trucking.

155. CTJ's sole employee is Thomas Attonito.

156. Upon information and belief, CTJ pays Thomas Attonito a salary based on

40 hours per week on the Operating Engineers Local 14 union scale, regardless of whether he

performs covered work.

157. Upon information and belief, Thomas Attonito's benefits are covered

through Operating Engineers Local 14 affiliated employee benefit funds.

158. CTJ performs work for and is fully-funded by American Transportation.

159.    American Transportation pays CTJ $12,000-$15,000 per month to supervise American Transportation's jobs, including jobs performed by Juda, do some clerical work, and for Thomas Attonito to occasionally perform excavation work.

160.    CTJ's income from American Transportation and its expenses always just "equal out" every month.

161.    A CTJ insurance policy lists certain equipment purportedly owned by Juda. That insurer was directed to change the policy from CTJ to Juda.

162.    Upon information and belief, the management of CTJ consisted of the same individuals as the management of Whitney Trucking, Juda, Fullerton Land, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation, namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

163.    Thomas Attonito and Chris Uzzi jointly direct day to day operations of CTJ and American Transportation.

164.    Upon information and belief, the operations of CTJ and Whitney Trucking are/were interrelated.

165.    Upon information and belief, control of labor relations of Whitney Trucking and CTJ was centralized in that Thomas Attonito handles all union related matters for both companies.

166.    Upon information and belief, CTJ is engaged in supervision of American Transportation's work performed by Juda. Juda is engaged in the same business as Whitney Trucking was, namely, hauling materials from construction sites.

167.   Upon information and belief, at all times relevant to this action, CTJ, Whitney Trucking, Juda, Chatham, Finesse, Innovative, Pure Earth, Inc., South Jersey, and American Transportation service(d) the same customers serviced by Whitney Trucking.

168.   On information and belief, CTJ operates out of Thomas Attonito's home at 2 Birch Street in White Plains, New York.

169.   Upon information and belief, CTJ is a sham corporation for American Transportation and the other Co-Defendants to provide income to Thomas Attonito without directly employing him.

170.   CTJ had notice of Whitney Trucking's withdrawal liability.

171.   Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

172.   The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to Plaintiffs' suit.


THE PURE EARTH COMPANIES

173.   Upon information and belief, Pure Earth is a successor to Whitney Trucking, Juda, South Jersey, and American Transportation and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

174.   Upon information and belief, Pure Earth is a single employer with Whitney Trucking, Juda, CTJ, Fullerton Land, Chatham, Finesse, Innovative, South Jersey, and

American Transportation and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

175.    Upon information and belief, Pure Earth is a trade or business under common control with Juda, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

176.    Upon information and belief, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation is a successor to Whitney Trucking, Juda, and American Transportation and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

177.    Upon information and belief, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation is a single employer with Whitney Trucking, Juda, CTJ, Fullerton Land, Chatham, Finesse, Innovative, South Jersey, and Pure Earth and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

178.    Upon information and belief, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation is a trade or business under common control with Juda, Pure Earth, and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

179.    Upon information and belief, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a successor to Whitney Trucking, Juda, and American Transportation and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

180.    Upon information and belief, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a single employer with Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation, and Pure Earth and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

181.    Upon information and belief, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation, Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and is liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

182.    Upon information and belief, on or about Jan. 20, 2006, Pure Earth acquired South Jersey Development, Inc. by stock exchange.

183.    Upon information and belief, on or about Jan. 20, 2006, South Jersey completed the acquisition of American Transportation and Disposal Systems, Ltd. by stock exchange.

184.    Upon information and belief, South Jersey also acquired certain assets of Whitney Contracting, Inc.

185.    Upon information and belief, on or about January 20, 2006, South Jersey acquired Juda Construction, Ltd. by stock exchange.

186.    Upon information and belief, South Jersey Development, Inc. is now known as Pure Earth Materials, Inc.

187.    Upon information and belief, American Transportation and Disposal Systems, Ltd. is now known as Pure Earth Transportation And Disposal Systems, Inc.

188.    Upon information and belief, Juda and American Transportation are subsidiaries of Pure Earth.

189.    Upon information and belief, the operations, management, employees, supervision, labor relations, and location of Juda remained the same after its acquisition by Pure Earth as it was before the acquisition by Pure Earth.

190.    Upon information and belief, the operations, management, employees, supervision, labor relations, and location of American Transportation remained the same after its acquisition by Pure Earth as it was before the acquisition by Pure Earth.

191.    Pure Earth, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. and Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation had notice of Whitney Trucking's withdrawal liability and Judgment Amount.

192.    Pure Earth, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. and Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation are engaged in the same business as Whitney Trucking, namely, hauling of materials from construction sites.

193.    Pure Earth, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. and Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation had notice of Whitney Trucking's withdrawal liability.

194.   Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

195.   The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to Plaintiffs' suit.

FINESSE AND INNOVATIVE

196.   Upon information and belief, Innovative and Finesse are successors to Whitney Trucking and are liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

197.   Upon information and belief, Innovative and Finesse are a single employer with Whitney Trucking and are liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

198.   Upon information and belief, Innovative and Finesse are trades or businesses under common control with Pure Earth, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2 and are liable for Whitney Trucking's withdrawal liability and attendant ERISA remedies.

199.   Jani Rodriguez co-signed a Memorandum of Agreement with Local 282 on behalf of Innovative and Finesse, which are located at the same address and, at the time, had

common ownership by marriage, namely that Jani Rodriguez and Vanessa Rodriguez are married.

200.    Innovative and Finesse are affiliated with or, upon information and belief, are owned by Pure Earth, Inc.

201.    Thomas Attonito informed the Fund that he is from Pure Earth and that Innovative is one of the companies in the Pure Earth group.

202.    Upon information and belief, the management of Innovative and Finesse consists of the same individuals as the management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito and Nicholas Paniccia.

203.    Upon information and belief, the supervision of Innovative and Finesse consists of the same individuals or individuals as the supervision of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito and Nicholas Paniccia.

204.    Nicholas Paniccia informed the Fund that he is involved with Innovative in "a big way" and does Innovative's books and records.

205.    Upon information and belief, control of labor relations of Whitney Trucking, Innovative and Finesse is/was handled by Thomas Attonito and/or Nicholas Paniccia.

206.    Attonito and Paniccia have each contacted the Fund as authorized representatives of Innovative.

207.    Upon information and belief, Innovative is/was engaged in the same business of hauling materials from construction sites as Whitney Trucking, Juda, CTJ, Chatham, American Transportation, South Jersey, and Pure Earth, Inc.

208.     Upon information and belief, Finesse is/was engaged in a similar business purpose, namely "demolition work," as that of Whitney Trucking, Innovative, Juda, Fullerton Land, CTJ, Chatham, American Transportation, South Jersey, and Pure Earth, Inc.

209.     Innovative and Finesse had notice of Whitney Trucking's withdrawal liability.

210.     Plaintiffs served the Complaint in the action against Whitney Trucking on the New York Secretary of State as the registered agent for the corporation on June 15, 2006.

211.     The management of Whitney Trucking, Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc., namely, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi never responded to Plaintiffs' suit.

THE INDIVIDUALS

212.     Upon information and belief, Thomas Attonito, Nicholas Paniccia and Christopher Uzzi are individual alter egos of Whitney Trucking and are jointly and severally individually liable for Whitney Trucking's withdrawal liability and attendant remedies.

213.     Upon information and belief, Thomas Attonito is an individual alter ego of CTJ and is individually liable for Whitney Trucking's withdrawal liability and attendant remedies because Whitney Trucking is in a controlled group with CTJ.

214.     Upon information and belief, Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi are individual alter egos of Fullerton Land and are jointly and severally individually liable for Whitney Trucking's withdrawal liability and attendant remedies.

## WHITNEY TRUCKING AND THE INDIVIDUALS

215.    Upon information and belief, Whitney Trucking did not observe corporate formalities and lacked paraphernalia that are part and parcel of the corporate existence, such as issuance of stock, election of directors, and keeping of corporate records.

216.    Upon information and belief, Whitney Trucking was inadequately capitalized.

217.    Upon information and belief, Whitney Trucking overlapped in ownership, officers, and directors with CTJ and Fullerton Land.

218.    Upon information and belief, Whitney Trucking overlapped in personnel with Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, American Transportation, South Jersey, and Pure Earth, Inc.

219.    Upon information and belief, Whitney Trucking shared common office space, address and telephone numbers with single employer corporate entities Whitney Contracting, Chatham, Juda and CTJ;

220.    Upon information and belief, Whitney Trucking shared the truck yard owned by Defendant Fullerton Land with Co-Defendants Juda, Chatham, American Transportation, South Jersey, and Pure Earth, Inc.

221.    Upon information and belief, Whitney Trucking displayed no independent business discretion and was completely dominated by Thomas Attonito, Nicholas Paniccia, Christopher Uzzi, and Whitney Contracting.

222.    Upon information and belief, Whitney Trucking was a tool of Thomas Attonito, Nicholas Paniccia, Christopher Uzzi, and was completely interchangeable with Chatham, Toretta and later Juda.

223.    Upon information and belief, Whitney Trucking was a mere receptacle for holding the permits and a payroll company for the drivers.

224.    Upon information and belief, Whitney Trucking had no corporate identity separate from Thomas Attonito, Nicholas Paniccia, Christopher Uzzi, and Whitney Contracting.

225.    Upon information and belief, the Attonito-Paniccia-Uzzi dominated related corporations of Whitney Contracting, Chatham, Juda, CTJ, American Transportation, and Fullerton Land did not deal with Whitney Trucking at arms length.

226.    Upon information and belief, Whitney Trucking, Whitney Contracting, Chatham, Juda, CTJ, American Transportation, and Fullerton Land were not treated as independent profit centers.

227.    Upon information and belief, Whitney Trucking's debts, including its prior settlement agreement with the Local 282 Funds, were paid by other corporations in the dominated group, including Juda and Chatham.

228.    Upon information and belief, property of Whitney Trucking, Whitney Contracting, Juda, Chatham, CTJ, American Transportation, and Fullerton Land were used by each other as if it were their own.

## CTJ AND THOMAS ATTONITO

229.    Upon information and belief, CTJ did not observe corporate formalities and lacked paraphernalia that are part and parcel of the corporate existence, such as issuance of stock, election of directors, and keeping of corporate records.

230.    Upon information and belief, CTJ was inadequately capitalized. American Transportation fully funds CTJ.  Upon information and belief, CTJ's expenses and its revenues from American Transportation more or less equal out every month.

231.     Thomas Attonito is CTJ's sole owner and sole employee.

232.     Upon information and belief, CTJ has no corporate identity separate from Thomas Attonito.

233.     Upon information and belief, CTJ was a tool of Thomas Attonito that he used to be paid by American Transportation for his role in managing, supervising and operating the single employer group of Whitney Trucking, Fullerton Land, CTJ, Chatham, Finesse, Innovative, and American Transportation.

234.     Upon information and belief, Thomas Attonito required CTJ as a sham corporation to disguise his direct involvement with the Co-Defendant companies because he was barred from the industry by the Business Integrity Commission.

235.     CTJ is located at 2 Birch Street in White Plains, which is Thomas Attonito's home, and is owned by his wife Adrienne Attonito.  CTJ does not pay rent to Adrienne Attonito for use of the home as an office.

236.     CTJ pays Thomas Attonito a salary based on 40 hours per week on the Local 14 union scale, regardless of whether he performs covered work or any work at all.

237.     Upon information and belief, Thomas Attonito's benefits are covered through Operating Engineers Local 14 affiliated employee benefit funds.  Upon information and belief, CTJ reports Thomas Attonito to the Local 14 benefit funds regardless of whether he is performing covered work.

238.     Upon information and belief, CTJ overlapped in ownership, officers, directors, and personnel with Whitney Trucking and Whitney Contracting.

239.     Upon information and belief, CTJ displays no independent business discretion and was completely dominated by Thomas Attonito.

240.    Upon information and belief, the Attonito-Paniccia-Uzzi dominated related corporations of Whitney Trucking, Whitney Contracting, Chatham, Juda, American Transportation, and Fullerton Land did not deal with CTJ at arms length.

241.    Upon information and belief, the Co-Defendant companies were not treated as independent profit centers.

242.    Upon information and belief, CTJ's debts were paid by other corporations in the dominated group, including American Transportation.

243.    Upon information and belief, property of CTJ, Whitney Trucking, Whitney Contracting, Juda, Chatham, American Transportation, and Fullerton Land were used by each other as if it were their own.

## FULLERTON LAND AND THE INDIVIDUALS

244.    Upon information and belief, Fullerton Land did not observe corporate formalities and lacked paraphernalia that are part and parcel of the corporate existence, such as issuance of stock, election of directors, and keeping of corporate records.

245.    Upon information and belief, Fullerton Land was inadequately capitalized.

246.    Upon information and belief, Fullerton Land overlapped in ownership, officers, directors, and personnel with CTJ, Whitney Trucking, Whitney Contracting, Juda, Chatham, and American Transportation.

247.    Upon information and belief, Fullerton Land shared common office space, address and telephone numbers with related corporate entities Whitney Trucking, Whitney Contracting, Chatham, and Juda;

248.    Upon information and belief, Fullerton Land displayed no independent business discretion and was completely dominated by Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi.

249.    Upon information and belief, the Attonito-Paniccia-Uzzi dominated related corporations of Whitney Trucking, Whitney Contracting, Chatham, Juda, CTJ, and American Transportation did not deal with Fullerton Land at arms length.

250.    Upon information and belief, Attonito-Paniccia-Uzzi dominated related corporations were not treated as independent profit centers.

251.    Upon information and belief, property of Whitney Trucking, Whitney Contracting, Juda, Chatham, CTJ, American Transportation, and Fullerton Land were used by each other as if it were their own.

FIRST CAUSE OF ACTION

252.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 251, as if the same were fully set forth herein.

253.    Upon information and belief, pursuant to the facts of this matter and relevant law, Juda is a successor to Whitney Trucking.

254.    As a successor to Whitney Trucking, Juda is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

255.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 254, as if the same were fully set forth herein.

256.    Upon information and belief, pursuant to the facts of this matter and relevant law, Juda is a single employer with Whitney Trucking.

257.    As a single employer with Whitney Trucking, Juda is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## THIRD CAUSE OF ACTION

258.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 257, as if the same were fully set forth herein.

259.    Upon information and belief, pursuant to the facts of this matter and relevant law, Juda is a trade or business under common control with Pure Earth, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

260.    As a trade or business under common control with Pure Earth, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Juda is jointly and severally liable with the controlled group for any other controlled group member's unpaid

withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

261.    Accordingly, Juda is jointly and severally liable for any judgment against any member of the controlled group for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

262.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 261, as if the same were fully set forth herein.

263.    Upon information and belief, pursuant to the facts of this matter and relevant law, Chatham is a successor to Whitney Trucking.

264.    As a successor to Whitney Trucking, Chatham is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

265.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 264, as if the same were fully set forth herein.

266.    Upon information and belief, pursuant to the facts of this matter and relevant law, Chatham is a single employer with Whitney Trucking.

267.    As a single employer with Whitney Trucking, Chatham is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

268.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 267, as if the same were fully set forth herein.

269.    Upon information and belief, pursuant to the facts of this matter and relevant law, Fullerton Land is a successor to Whitney Trucking.

270.    As a successor to Whitney Trucking, Fullerton Land is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

271.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 270, as if the same were fully set forth herein.

272.    Upon information and belief, pursuant to the facts of this matter and relevant law, Fullerton Land is a single employer with Whitney Trucking.

273.    As a single employer with Whitney Trucking, Fullerton Land is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney

Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

274.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 273, as if the same were fully set forth herein.

275.    Upon information and belief, pursuant to the facts of this matter and relevant law, Fullerton Land is a trade or business under common control with American Transportation pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

276.    As a trade or business under common control with American Transportation, Fullerton Land is jointly and severally liable with the controlled group for any other controlled group member's unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

277.    Accordingly, Fullerton Land is jointly and severally liable for any judgment against American Transportation for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## NINTH CAUSE OF ACTION

278.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 277, as if the same were fully set forth herein.

279.    Upon information and belief, pursuant to the facts of this matter and relevant law, CTJ is a successor to Whitney Trucking.

280.    As a successor to Whitney Trucking, CTJ is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

TENTH CAUSE OF ACTION

281.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 280, as if the same were fully set forth herein.

282.    Upon information and belief, pursuant to the facts of this matter and relevant law, CTJ is a single employer with Whitney Trucking.

283.    As a single employer with Whitney Trucking, CTJ is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

ELEVENTH CAUSE OF ACTION

284.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 283, as if the same were fully set forth herein.

285.    Upon information and belief, pursuant to the facts of this matter and relevant law, CTJ is a trade or business under common control with Whitney Trucking pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

286.    As a trade or business under common control with Whitney Trucking, CTJ is jointly and severally liable with Whitney Trucking for its unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWELFTH CAUSE OF ACTION

287.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 286, as if the same were fully set forth herein.

288.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth is a successor to Whitney Trucking.

289.    As a successor to Whitney Trucking, Pure Earth is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## THIRTEENTH CAUSE OF ACTION

290.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 289, as if the same were fully set forth herein.

291.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth is a single employer with Whitney Trucking.

292.    As a single employer with Whitney Trucking, Pure Earth is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## FOURTEENTH CAUSE OF ACTION

293.   Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 292, as if the same were fully set forth herein.

294.   Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth is a trade or business under common control with Juda, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

295.   As a trade or business under common control with Juda, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Pure Earth is jointly and severally liable with the controlled group for any other controlled group member's unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

296.   Accordingly, Pure Earth is jointly and severally liable for any judgment against any member of the controlled group for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## FIFTEENTH CAUSE OF ACTION

297.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 296, as if the same were fully set forth herein.

298.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is a successor to Whitney Trucking.

299.    As a successor to Whitney Trucking, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## SIXTEENTH CAUSE OF ACTION

300.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 299, as if the same were fully set forth herein.

301.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is a single employer with Whitney Trucking.

302.    As a single employer with Whitney Trucking, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## SEVENTEENTH CAUSE OF ACTION

303.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 302, as if the same were fully set forth herein.

304.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is a trade or business under common control with Juda, Pure Earth, and Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

305.    As a trade or business under common control with Juda, Pure Earth, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is jointly and severally liable with the controlled group for any other controlled group member's unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

306.    Accordingly, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. is jointly and severally liable for any judgment against any member of the controlled group for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

EIGHTEENTH CAUSE OF ACTION

307.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 306, as if the same were fully set forth herein.

308.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a successor to Whitney Trucking.

309.    As a successor to Whitney Trucking, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

NINETEENTH CAUSE OF ACTION

310.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 309, as if the same were fully set forth herein.

311.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a single employer with Whitney Trucking.

312.    As a single employer with Whitney Trucking, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWENTIETH CAUSE OF ACTION

313.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 312, as if the same were fully set forth herein.

314.    Upon information and belief, pursuant to the facts of this matter and relevant law, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

315.    As a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Finesse, and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is jointly and severally liable with the controlled group for any other controlled group member's unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

316.    Accordingly, Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. is jointly and severally liable for any judgment against any member of the controlled group for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWENTY-FIRST CAUSE OF ACTION

317.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 316, as if the same were fully set forth herein.

318.    Upon information and belief, pursuant to the facts of this matter and relevant law, Innovative is a successor to Whitney Trucking.

319.    As a successor to Whitney Trucking, Innovative is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWENTY-SECOND CAUSE OF ACTION

320.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 319, as if the same were fully set forth herein.

321.    Upon information and belief, pursuant to the facts of this matter and relevant law, Innovative is a single employer with Whitney Trucking.

322.    As a single employer with Whitney Trucking, Innovative is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWENTY-THIRD CAUSE OF ACTION

323.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 322, as if the same were fully set forth herein.

324.    Upon information and belief, pursuant to the facts of this matter and relevant law, Innovative is a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal

Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., and Finesse,

pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

325.    As a trade or business under common control with Juda, Pure Earth, Pure

Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal

Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., and Finesse,

pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Innovative is jointly and severally

liable with the controlled group for any other controlled group member's unpaid withdrawal

liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

326.    Accordingly, Innovative is jointly and severally liable for any judgment

against any member of the controlled group for all sums owed to the Trustees by Whitney

Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated

damages, costs and attorneys' fees.


## TWENTY-FOURTH CAUSE OF ACTION

327.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1

through 326, as if the same were fully set forth herein.

328.    Upon information and belief, pursuant to the facts of this matter and

relevant law, Finesse is a successor to Whitney Trucking.

329.    As a successor to Whitney Trucking, Finesse is jointly and severally liable

with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all

unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and

attorneys' fees.

TWENTY-FIFTH CAUSE OF ACTION

330.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 329, as if the same were fully set forth herein.

331.    Upon information and belief, pursuant to the facts of this matter and relevant law, Finesse is a single employer with Whitney Trucking.

332.    As a single employer with Whitney Trucking, Finesse is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

TWENTY-SIXTH CAUSE OF ACTION

333.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 332, as if the same were fully set forth herein.

334.    Upon information and belief, pursuant to the facts of this matter and relevant law, Finesse is a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2.

335.    As a trade or business under common control with Juda, Pure Earth, Pure Earth Transportation And Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., and Innovative, pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. §1.414(c)-2, Finesse is jointly and severally liable

with the controlled group for any other controlled group member's unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

336.    Accordingly, Finesse is jointly and severally liable for any judgment against any member of the controlled group for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.


TWENTY-SEVENTH CAUSE OF ACTION

337.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 336, as if the same were fully set forth herein.

338.    Upon information and belief, Thomas Attonito is an individual alter ego of Whitney Trucking.

339.    As an individual alter ego of Whitney Trucking, Thomas Attonito is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.


TWENTY-EIGHTH CAUSE OF ACTION

340.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 339, as if the same were fully set forth herein.

341.    Upon information and belief, Thomas Attonito is an individual alter ego of CTJ.

342.    As an individual alter ego of CTJ, Thomas Attonito is jointly and severally liable with CTJ for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## TWENTY-NINTH CAUSE OF ACTION

343.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 342, as if the same were fully set forth herein.

344.    Upon information and belief, Thomas Attonito is an individual alter ego of Fullerton Land.

345.    As an individual alter ego of Fullerton Land, Thomas Attonito is jointly and severally liable with Fullerton Land for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

## THIRTIETH CAUSE OF ACTION

346.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 345, as if the same were fully set forth herein.

347.    Upon information and belief, Nicholas Paniccia is an individual alter ego of Whitney Trucking.

348.    As an individual alter ego of Whitney Trucking, Nicholas Paniccia is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney

Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

THIRTY-FIRST CAUSE OF ACTION

349.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 348, as if the same were fully set forth herein.

350.    Upon information and belief, Nicholas Paniccia is an individual alter ego of Fullerton Land.

351.    As an individual alter ego of Fullerton Land, Nicholas Paniccia is jointly and severally liable with Fullerton Land for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

THIRTY-SECOND CAUSE OF ACTION

352.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 351, as if the same were fully set forth herein.

353.    Upon information and belief, Christopher Uzzi is an individual alter ego of Whitney Trucking.

354.    As an individual alter ego of Whitney Trucking, Christopher Uzzi is jointly and severally liable with Whitney Trucking for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

<u>THIRTY-THIRD CAUSE OF ACTION</u>

355.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 354, as if the same were fully set forth herein.

356.    Upon information and belief, Christopher Uzzi is an individual alter ego of Fullerton Land.

357.    As an individual alter ego of Fullerton Land, Christopher Uzzi is jointly and severally liable with Fullerton Land for all sums owed to the Trustees by Whitney Trucking, including all unpaid withdrawal liability, plus interest, additional interest or liquidated damages, costs and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment against Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi as jointly and severally liable with Whitney Trucking, as follows:

1.    An order holding Juda, Fullerton Land, CTJ, Chatham, Finesse, Innovative, Pure Earth, Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi jointly and severally liable with Whitney Trucking for the following:

(a)    $709,918.45, comprising $569,394.00 in withdrawal liability, $20,473.15 in interest, $113,878.80 in liquidated damages, and $6,172.50 in attorneys' fees and

costs, plus $97.37 in per diem interest from July 26, 2006 through August 1, 2006, as awarded to

the Trustees' in the August 1, 2006 judgment of the District Court of the Southern District of

New York; and

        (b)    $97.37 per diem interest from August 1, 2006 until the date

judgment is entered;

        (c)    reasonable attorneys' fees and costs incurred from August 1, 2006

to the date judgment is entered; and

        (d)    such other and further equitable relief as this Court deems

appropriate.


Dated: June 20, 2007
      New York, New York


                                            FRIEDMAN & WOLF

By:                                       
                                        Erinn Weeks Waldner (EW-0330)
                                        Michael Bauman (MB-9118)

                                        1500 Broadway, Suite 2300
                                        New York, New York 10036
                                        (212) 354-4500

                                        Attorneys for Plaintiffs