UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GARY LA BARBERA, THOMAS GESUALDI,          :
LAWRENCE KUDLA, LOUIS BISIGNANO,
ANTHONY PIROZZI, FRANK FINKEL,             :
JOSEPH FERRARA, SR., LYNN MOUREY,
MARC HERBST, and THOMAS PIALI,             :
as Trustees and Fiduciaries of the Local 282
Pension Fund Trust,                        :

                Plaintiffs,          :

       - against -                     :

JUDA CONSTRUCTION, LTD.;                   :
FULLERTON LAND DEVELOPMENT, LTD.,
a/k/a FULLERTON AVENUE LAND                :
DEVELOPMENT, LTD.; CTJ CONSTRUCTION,
LTD.; CHATHAM CONSTRUCTION, LTD.;          :
FINESSE CONSTRUCTION, LLC;
INNOVATIVE DISPOSAL SYSTEMS LLC;           :
PURE EARTH, INC.; PURE EARTH
TRANSPORTATION AND DISPOSAL                :
SYSTEMS, INC., a/k/a AMERICAN
TRANSPORTATION AND DISPOSAL               :
SYSTEMS, LTD.; PURE EARTH MATERIALS,
INC., a/k/a SOUTH JERSEY DEVELOPMENT,      :
INC.; THOMAS ATTONITO; NICHOLAS
PANICCIA; and CHRISTOPHER UZZI,            :

                Defendants.          :

-------------------------------------------------------------X

Dkt No. 07 CIV 5763 (JSR)


**ANSWER and CROSS-CLAIMS
OF DEFENDANTS
JUDA CONSTRUCTION, LTD.,
PURE EARTH, INC.,
PURE EARTH TRANSPORTATION
AND DISPOSAL SYSTEMS, INC.,
a/k/a AMERICAN TRANS-
PORTATION AND DISPOSAL
SYSTEMS, LTD., and PURE EARTH
MATERIALS, INC., a/k/a SOUTH
JERSEY DEVELOPMENT, INC.**


       Defendants Juda Construction, Ltd., Pure Earth, Inc., Pure Earth Transportation and Disposal

Systems, Inc., a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials,

Inc., a/k/a/ South Jersey Development, Inc. (collectively, the "Pure Earth defendants"), by and

through their counsel, Bahn, Herzfeld & Multer, LLP, hereby answer the Amended Complaint in this matter as follows:

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

4.  Admit that venue in this District is proper as to the Pure Earth defendants.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

6.  Admit the allegations set forth in Paragraph 6 of the Amended Complaint.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Admit the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Amended Complaint, except specifically admit that Pure Earth Transportation and Disposal Systems, Inc., a/k/a American Transportation and Disposal Systems, Ltd., is a wholly-owned subsidiary of Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., which is a wholly-owned subsidiary of Pure Earth, Inc., and that Pure Earth Transportation and Disposal

3

Systems, Inc., maintains a place of business at 400 East Tiffany Street, Bronx, New York 10474.

21. Admit the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Admit the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Admit the allegation, set forth in Paragraph 27 of the Amended Complaint, that Nicholas Paniccia is currently the President of Juda Construction, Ltd., and deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth therein that Paniccia was formerly Juda's sole "owner".

28. Admit the allegation, set forth in Paragraph 28 of the Amended Complaint, that Nicholas Paniccia is a shareholder of Pure Earth, Inc., deny the allegation set forth therein that Pure Earth, Inc. "acquired Juda by stock exchange," and specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired Juda by stock exchange in or about January 2006.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Admit the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Admit the allegation set forth in Paragraph 31 of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegation, set forth in Paragraph 32 of the Amended Complaint, that Christopher Uzzi was the "sole owner" of American Transportation prior to its acquisition by South Jersey.

33. Admit the allegation, set forth in Paragraph 33 of the Amended Complaint, that Christopher Uzzi is currently a shareholder of Pure Earth, Inc., deny the allegation set forth therein that Pure Earth, Inc. stock "was exchanged to acquire American Transportation," and specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired American Transportation by stock exchange in or about January 2006.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Admit the allegation, set forth in Paragraph 46 of the Amended Complaint, that an action was commenced in May 2006, and admit that plaintiffs purported to proceed as set forth therein.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Admit the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Admit the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Amended Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Amended Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Amended Complaint.

79. Deny the allegations set forth in Paragraph 79 of the Amended Complaint, except specifically admit that Paniccia was an owner of Juda prior to its acquisition by South Jersey Development, Inc.

80. Deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81. Deny the allegations set forth in Paragraph 81 of the Amended Complaint, except specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired Juda by stock exchange in or about January 2006.

82. Admit the allegation set forth in Paragraph 82 of the Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Amended Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Amended Complaint.

85. Deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86. Deny the allegations, set forth in Paragraph 86 of the Amended Complaint, that "Pure Earth acquired American Transportation," and specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired American Transportation by stock exchange in or about January 2006.

87. Admit the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Amended Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Complaint.

93. Deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94. Deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95. Deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Amended Complaint.

100.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Amended Complaint.

101.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Amended Complaint.

102.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Amended Complaint.

103.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Amended Complaint.

104.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Amended Complaint.

105.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Amended Complaint.

106.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Amended Complaint.

107.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Amended Complaint.

108.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Amended Complaint.

109.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Amended Complaint.

110.   Deny the allegations set forth in Paragraph 110 of the Amended Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Amended Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Amended Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Amended Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Amended Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Amended Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Amended Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Amended Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Amended Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Amended Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Amended Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Amended Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Amended Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Amended Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Amended Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Amended Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Amended Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Amended Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Amended Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Amended Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Amended Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Amended Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Amended Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Amended Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Amended Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Amended Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Amended Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Amended Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Amended Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Amended Complaint.

144.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Amended Complaint.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Amended Complaint.

146.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Amended Complaint.

147.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Amended Complaint.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Amended Complaint.

149.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Amended Complaint.

150.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Amended Complaint.

151.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Amended Complaint.

152.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Amended Complaint.

153.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the Amended Complaint.

154.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Amended Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 155 of the Amended Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 156 of the Amended Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 157 of the Amended Complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 158 of the Amended Complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 159 of the Amended Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 160 of the Amended Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 161 of the Amended Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 162 of the Amended Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 163 of the Amended Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 164 of the Amended Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 165 of the Amended Complaint.

166.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Amended Complaint.

167.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Amended Complaint.

168.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Amended Complaint.

169.   Deny the allegations set forth in Paragraph 169 of the Amended Complaint insofar as they refer to the Pure Earth defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein insofar as they refer to the remaining defendants.

170.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Amended Complaint.

171.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Amended Complaint.

172.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 of the Amended Complaint.

173.   Deny the allegations set forth in Paragraph 173 of the Amended Complaint, except specifically admit that Juda, South Jersey and American Transportation are all subsidiaries of Pure Earth, Inc.

174.   Deny the allegations set forth in Paragraph 174 of the Amended Complaint.

175.   Deny the allegations set forth in Paragraph 175 of the Amended Complaint.

176.   Deny the allegations set forth in Paragraph 176 of the Amended Complaint.

177.   Deny the allegations set forth in Paragraph 177 of the Amended Complaint.

178. Deny the allegations set forth in Paragraph 178 of the Amended Complaint.

179. Deny the allegations set forth in Paragraph 179 of the Amended Complaint.

180. Deny the allegations set forth in Paragraph 180 of the Amended Complaint.

181. Deny the allegations set forth in Paragraph 181 of the Amended Complaint.

182. Admit the allegations set forth in Paragraph 182 of the Amended Complaint.

183. Admit the allegations set forth in Paragraph 183 of the Amended Complaint.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 of the Amended Complaint.

185. Admit the allegations set forth in Paragraph 185 of the Amended Complaint.

186. Admit the allegations set forth in Paragraph 186 of the Amended Complaint.

187. Admit the allegations set forth in Paragraph 187 of the Amended Complaint.

188. Admit the allegations set forth in Paragraph 188 of the Amended Complaint.

189. Deny the allegations set forth in Paragraph 189 of the Amended Complaint.

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Amended Complaint.

191. Deny the allegations set forth in Paragraph 191 of the Amended Complaint.

192. Deny the allegations set forth in Paragraph 192 of the Amended Complaint.

193. Deny the allegations set forth in Paragraph 193 of the Amended Complaint.

194. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Amended Complaint.

195. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Amended Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Amended Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Amended Complaint.

198.    Deny the allegations set forth in Paragraph 198 of the Amended Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of the Amended Complaint.

200.    Deny the allegations set forth in Paragraph 200 of the Amended Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 of the Amended Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Amended Complaint.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Amended Complaint.

204.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Amended Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Amended Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 206 of the Amended Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Amended Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208 of the Amended Complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 of the Amended Complaint.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 210 of the Amended Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211 of the Amended Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Amended Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Amended Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Amended Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Amended Complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Amended Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Amended Complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Amended Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Amended Complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of the Amended Complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Amended Complaint.

222.    Deny the allegations set forth in Paragraph 222 of the Amended Complaint as they relate to Juda, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as to Chatham and Toretta.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 of the Amended Complaint.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Amended Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 of the Amended Complaint.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Amended Complaint.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Amended Complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Amended Complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Amended Complaint.

230.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Amended Complaint.

231.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231 of the Amended Complaint.

232.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Amended Complaint.

233.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Amended Complaint.

234.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 of the Amended Complaint.

235.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Amended Complaint.

236.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Amended Complaint.

237.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237 of the Amended Complaint.

238.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Amended Complaint.

239.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Amended Complaint.

240.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Amended Complaint.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Amended Complaint.

242.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Amended Complaint.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243 of the Amended Complaint.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Amended Complaint.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Amended Complaint.

246.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Amended Complaint.

247.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Amended Complaint.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Amended Complaint.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Amended Complaint.

250.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Amended Complaint.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Amended Complaint.

252.   In response to Paragraph 252 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 251 of the Amended Complaint, inclusive, as if fully set forth herein.

253.   Deny the allegations set forth in Paragraph 253 of the Amended Complaint.

254.   Deny the allegations set forth in Paragraph 254 of the Amended Complaint.

255.   In response to Paragraph 255 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 254 of the Amended Complaint, inclusive, as if fully set forth herein.

256.   Deny the allegations set forth in Paragraph 256 of the Amended Complaint.

257.   Deny the allegations set forth in Paragraph 257 of the Amended Complaint.

258.   In response to Paragraph 258 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 257 of the Amended Complaint, inclusive, as if fully set forth herein.

259.   Deny the allegations set forth in Paragraph 259 of the Amended Complaint.

260.   Deny the allegations set forth in Paragraph 260 of the Amended Complaint.

261.   Deny the allegations set forth in Paragraph 261 of the Amended Complaint.

262.   In response to Paragraph 262 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 261 of the Amended Complaint, inclusive, as if fully set forth herein.

263.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Amended Complaint.

264.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 of the Amended Complaint.

265.    In response to Paragraph 265 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 264 of the Amended Complaint, inclusive, as if fully set forth herein.

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 266 of the Amended Complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of the Amended Complaint.

268.    In response to Paragraph 268 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 267 of the Amended Complaint, inclusive, as if fully set forth herein.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Amended Complaint.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 270 of the Amended Complaint.

271.    In response to Paragraph 271 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 270 of the Amended Complaint, inclusive, as if fully set forth herein.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 of the Amended Complaint.

273.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Amended Complaint.

274. In response to Paragraph 274 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 273 of the Amended Complaint, inclusive, as if fully set forth herein.

275. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 275 of the Amended Complaint.

276. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 276 of the Amended Complaint.

277. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 277 of the Amended Complaint.

278. In response to Paragraph 278 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 277 of the Amended Complaint, inclusive, as if fully set forth herein.

279. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 279 of the Amended Complaint.

280. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 280 of the Amended Complaint.

281. In response to Paragraph 281 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 280 of the Amended Complaint, inclusive, as if fully set forth herein.

282. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 282 of the Amended Complaint.

283. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 283 of the Amended Complaint.

284.   In response to Paragraph 284 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 283 of the Amended Complaint, inclusive, as if fully set forth herein.

285.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 285 of the Amended Complaint.

286.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 286 of the Amended Complaint.

287.   In response to Paragraph 287 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 286 of the Amended Complaint, inclusive, as if fully set forth herein.

288.   Deny the allegations set forth in Paragraph 288 of the Amended Complaint.

289.   Deny the allegations set forth in Paragraph 289 of the Amended Complaint.

290.   In response to Paragraph 290 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 289 of the Amended Complaint, inclusive, as if fully set forth herein.

291.   Deny the allegations set forth in Paragraph 291 of the Amended Complaint.

292.   Deny the allegations set forth in Paragraph 292 of the Amended Complaint.

293.   In response to Paragraph 293 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 292 of the Amended Complaint, inclusive, as if fully set forth herein.

294.   Deny the allegations set forth in Paragraph 294 of the Amended Complaint.

295.   Deny the allegations set forth in Paragraph 295 of the Amended Complaint.

296.   Deny the allegations set forth in Paragraph 296 of the Amended Complaint.

297. In response to Paragraph 297 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 296 of the Amended Complaint, inclusive, as if fully set forth herein.

298. Deny the allegations set forth in Paragraph 298 of the Amended Complaint.

299. Deny the allegations set forth in Paragraph 299 of the Amended Complaint.

300. In response to Paragraph 300 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 299 of the Amended Complaint, inclusive, as if fully set forth herein.

301. Deny the allegations set forth in Paragraph 301 of the Amended Complaint.

302. Deny the allegations set forth in Paragraph 302 of the Amended Complaint.

303. In response to Paragraph 303 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 302 of the Amended Complaint, inclusive, as if fully set forth herein.

304. Deny the allegations set forth in Paragraph 304 of the Amended Complaint.

305. Deny the allegations set forth in Paragraph 305 of the Amended Complaint.

306. Deny the allegations set forth in Paragraph 306 of the Amended Complaint.

307. In response to Paragraph 307 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 306 of the Amended Complaint, inclusive, as if fully set forth herein.

308. Deny the allegations set forth in Paragraph 308 of the Amended Complaint.

309. Deny the allegations set forth in Paragraph 309 of the Amended Complaint.

310.   In response to Paragraph 310 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 309 of the Amended Complaint, inclusive, as if fully set forth herein.

311.   Deny the allegations set forth in Paragraph 311 of the Amended Complaint.

312.   Deny the allegations set forth in Paragraph 312 of the Amended Complaint.

313.   In response to Paragraph 313 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 312 of the Amended Complaint, inclusive, as if fully set forth herein.

314.   Deny the allegations set forth in Paragraph 314 of the Amended Complaint.

315.   Deny the allegations set forth in Paragraph 315 of the Amended Complaint.

316.   Deny the allegations set forth in Paragraph 316 of the Amended Complaint.

317.   In response to Paragraph 317 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 316 of the Amended Complaint, inclusive, as if fully set forth herein.

318.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 318 of the Amended Complaint.

319.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 319 of the Amended Complaint.

320.   In response to Paragraph 320 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 319 of the Amended Complaint, inclusive, as if fully set forth herein.

321.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 321 of the Amended Complaint.

322.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 322 of the Amended Complaint.

323.  In response to Paragraph 323 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 322 of the Amended Complaint, inclusive, as if fully set forth herein.

324.  Deny the allegations set forth in Paragraph 324 of the Amended Complaint.

325.  Deny the allegations set forth in Paragraph 325 of the Amended Complaint.

326.  Deny the allegations set forth in Paragraph 326 of the Amended Complaint.

327.  In response to Paragraph 327 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 326 of the Amended Complaint, inclusive, as if fully set forth herein.

328.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 328 of the Amended Complaint.

329.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 329 of the Amended Complaint.

330.  In response to Paragraph 330 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 329 of the Amended Complaint, inclusive, as if fully set forth herein.

331.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 331 of the Amended Complaint.

332.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 332 of the Amended Complaint.

333.   In response to Paragraph 333 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 332 of the Amended Complaint, inclusive, as if fully set forth herein.

334.   Deny the allegations set forth in Paragraph 334 of the Amended Complaint.

335.   Deny the allegations set forth in Paragraph 335 of the Amended Complaint.

336.   Deny the allegations set forth in Paragraph 336 of the Amended Complaint.

337.   In response to Paragraph 337 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 336 of the Amended Complaint, inclusive, as if fully set forth herein.

338.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 338 of the Amended Complaint.

339.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 339 of the Amended Complaint.

340.   In response to Paragraph 340 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 339 of the Amended Complaint, inclusive, as if fully set forth herein.

341.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 341 of the Amended Complaint.

342.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 342 of the Amended Complaint.

343.   In response to Paragraph 343 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 342 of the Amended Complaint, inclusive, as if fully set forth herein.

344.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 344 of the Amended Complaint.

345.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 345 of the Amended Complaint.

346.   In response to Paragraph 346 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 345 of the Amended Complaint, inclusive, as if fully set forth herein.

347.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 347 of the Amended Complaint.

348.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 348 of the Amended Complaint.

349.   In response to Paragraph 349 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 348 of the Amended Complaint, inclusive, as if fully set forth herein.

350.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 350 of the Amended Complaint.

351.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 351 of the Amended Complaint.

352.   In response to Paragraph 352 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 351 of the Amended Complaint, inclusive, as if fully set forth herein.

353.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 353 of the Amended Complaint.

354.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 354 of the Amended Complaint.

355.    In response to Paragraph 355 of the Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 354 of the Amended Complaint, inclusive, as if fully set forth herein.

356.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356 of the Amended Complaint.

357.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 357 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

358.    The Amended Complaint fails to set forth a cause of action against the Pure Earth defendants, as enumerated at Page 1 of this Answer.

## AS AND FOR A FIRST CROSS-CLAIM
### (Defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Finesse Construction LLC, and Innovative Disposal Systems, LLC)

359.    Should the trier of fact determine that any of the Pure Earth defendants are liable to plaintiffs for any of the causes of action set forth in the Amended Complaint, such liability arises out of acts performed, or acts failed to have been performed, by the corporate defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Finesse Construction LLC, and Innovative Disposal Systems, LLC.

360.    Therefore, to the extent that any judgment(s) is/are entered against the Pure Earth defendants based upon the conduct of the co-defendants enumerated in Paragraph 359, supra, the Pure Earth defendants are entitled to recover the full amount of any such judgment(s) from said co-defendants.

### AS AND FOR A SECOND CROSS-CLAIM
**(Defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi)**

361.    Should the trier of fact determine that any of the Pure Earth defendants are liable to plaintiffs for any of the causes of action set forth in the Amended Complaint, such liability arises out of acts performed, or acts failed to have been performed, by the individual defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi for actions taken by them in their individual capacities, and/or on behalf of Juda Construction, Ltd., and/or American Transportation and Disposal Systems, Ltd., prior to Pure Earth, Inc.'s acquisition of these entities in January 2006.

362.    Therefore, to the extent that any judgment(s) is/are entered against the Pure Earth defendants based upon the conduct of the individual co-defendants Attonito, Paniccia and Uzzi, as set forth in Paragraph 361, supra, the Pure Earth defendants are entitled to recover the full amount of any such judgment(s) from said co-defendants.

**WHEREFORE**, the Pure Earth defendants pray for judgment against Plaintiffs Gary La Barbera, Thomas Gesualdi, Lawrence Kudla, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Lynn Mourey, Marc Herbst, and Thomas Piali, as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, as follows:

1. An order dismissing the Amended Complaint for failure to state a cause of action as to the Pure Earth defendants; or, in the alternative,

2. An order directing corporate co-defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Finesse Construction LLC, and Innovative Disposal Systems, LLC, to compensate and make whole the Pure Earth defendants for the dollar amount of any and all liability arising out of the causes of action set forth in the Amended Complaint; and/or

3. An order directing individual co-defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi, to compensate and make whole the Pure Earth defendants for the dollar amount of any and all liability arising out of the causes of action set forth in the Amended Complaint; and

4. Granting the Pure Earth defendants reasonable attorney's fees and costs; and

5.    For such other and further relief, in law or in equity, as this Court deems necessary

and proper.

DATED:    New York, New York
         July 30, 2007

                    YOURS, ETC.,

                    BAHN, HERZFELD & MULTER, LLP
                    Attorneys for Defendants Juda Construction, Ltd,
                         Pure Earth, Inc., Pure Earth Transportation and
                         Disposal Systems LLC, a/k/a American Transportation
                         and Disposal Systems, Ltd., and Pure Earth Materials,
                         Inc., a/k/a South Jersey Development, Inc.
                    555 Fifth Avenue, 14th Floor
                    New York, NY   10017
                    Phone: (212) 818-9019
                    Fax:    (212) 986-5316

                    By: _____
                         Andrew Multer (AM-2116)


To:    Erin Weeks Waldner, Esq. (EW-0330)
       Michael Bauman, Esq. (MB-9118)
       FRIEDMAN & WOLF
       Attorneys for Plaintiffs
       1500 Broadway, Suite 2300
       New York, NY   10036
       Phone: (212) 354-4500
       Fax:    (212) 719-9072

       Christopher A. Smith, Esq. (CS-9014)
       Trivella, Forte & Smith, LLP
       Attorneys for Defendants Fullerton Land Development, Ltd., a/k/a Fullerton Avenue
            Land Development, Ltd., Chatham Construction, Ltd, Thomas Attonito,
            Nicholas Paniccia, and Christopher Uzzi
       1311 Mamaroneck Avenue, Suite 170
       White Plains, NY 10605
       Phone: (914) 843-9100
       Fax:    (914) 949-4752