UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

GARY LA BARBERA, THOMAS GESUALDI
LAWRENCE KUDLA, LOUIS BISIGNANO,
ANTHONY PIROZZI, FRANK FINKEL,
JOSEPH FERRARA, SR.,LYNN MOUREY
MARC HERBST, and THOMAS PIALI
As Trustees and Fiduciaries of the Local 282
Pension Trust Fund,

**ANSWER AND CROSS-CLAIMS OF
FULLERTON LAND
DEVELOPMENT,LTD, a/k/a
FULLERTON AVENUE LAND
DEVELOPMENT LTD, CTJ
CONSTRUCTION LTD, CHATHAM
CONSTRUCTION LTD, THOMAS
ATTONITO, NICHOLAS PANICCIA
and CHRISTOPHER UZZI**

Plaintiffs,

Index No.:07-CV-5763 (JSR)

-    against –

**JURY TRIAL DEMANDED**

JUDA CONSTRUCTION, LTD et al.,

Defendants.

_____X

Defendants FULLERTON LAND DEVELOPMENT,LTD, a/k/a FULLERTON

AVENUE LAND DEVELOPMENT LTD, CTJ CONSTRUCTION LTD, CHATHAM

CONSTRUCTION LTD, THOMAS ATTONITO, NICHOLAS PANICCIA and CHRISTOPHER

UZZI (collectively, the "Chatham defendants"), by and through their counsel, Trivella, Forte &

Smith, LLP, hereby answer the Amended Complaint in this matter as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

4. Admit that venue in this District is proper as to the Chatham defendants.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

6. Admit the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Admit the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Admit the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Admit the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Deny the allegations set forth in Paragraph 12 of the Amended Complaint, except admit CTJ supervised at times jobs of American Transportation.

13. Admit the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Admit the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Admit the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Admit the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Admit the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Admit the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Admit the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Admit the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Admit the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Admit the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Admit the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Admit the allegation set forth in Paragraph 31 of the Amended Complaint.

32. Admit the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Admit the allegation, set forth in Paragraph 33 of the Amended Complaint, that

    Christopher Uzzi is currently a shareholder of Pure Earth, Inc., deny the allegation set

    forth therein that Pure Earth, Inc. stock "was exchanged to acquire American

    Transportation," and deny knowledge or information sufficient to form a belief as to the

    truth of whether Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South

    Jersey Development, Inc., acquired American Transportation by stock exchange in or

    about January 2006.

34. Deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Amended Complaint, except admit

    no payment was made.

41. Deny knowledge or information sufficient to form a belief as to the truth of the

    allegations set forth in Paragraph 41 of the Amended Complaint, except denies Whitney

    Trucking has never made any other payments to the Fund.

42. Deny the allegations set forth in Paragraph 42 of the Amended Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Admit the allegation, set forth in Paragraph 46 of the Amended Complaint, that an action was commenced in May 2006, and admit that plaintiffs purported to proceed as set forth therein but deny that Whitney Trucking has a withdrawal liability.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Admit the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Amended Complaint, except admit that Whitney Trucking has not paid the judgment.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Amended Complaint, except deny that Whitney Trucking has a withdrawal liability.

54. Admit the allegations set forth in Paragraph 54 of the Amended Complaint

55. Admit the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Admit the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Amended Complaint, and respectfully refer the Court to the documents referred to in this paragraph for their true content and meaning.

60. Paragraph 60 is a conclusion of law for which no response is required. To the extent the Court requires a response, the Chatham defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint and respectfully refer the Court to the documents referred to in this paragraph for their true content and meaning.

61. Deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Admit the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Deny the allegations set forth in Paragraph 63 of the Amended Complaint, except admit Chatham operated out of the same location, employed the same drivers, and was managed and controlled by Joseph Attonito.

64. Admit the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Admit the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Admit the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Admit the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Deny the allegations set forth in Paragraph 69 of the Amended Complaint, except admit that Joseph Attonito ran the day to day operations of Chatham and Thomas Attonito the day to day operations of Whitney Trucking.

70. Deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Deny the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Admit the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Admit the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Admit the allegations set forth in Paragraph 76 of the Amended Complaint.

77. Admit the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Amended Complaint.

79. Deny the allegations set forth in Paragraph 79 of the Amended Complaint

80. Deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81. Deny the allegations set forth in Paragraph 81 of the Amended Complaint, except specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired Juda by stock exchange.

82. Admit the allegation set forth in Paragraph 82 of the Amended Complaint.

83. Admit the allegations set forth in Paragraph 83 of the Amended Complaint.

84. Admit the allegations set forth in Paragraph 84 of the Amended Complaint.

85. Deny the allegations set forth in Paragraph 85 of the Amended Complaint except admit that Chris Uzzi directs the day to day operations.

86. Deny the allegations set forth in Paragraph 86 of the Amended Complaint.

87. Admit the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Amended Complaint.

90. Deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Complaint.

93. Deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94. Deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95. Deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Amended Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Amended Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Amended Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Amended Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Amended Complaint.

105. Admit the allegations set forth in Paragraph 105 of the Amended Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Amended Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Amended Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Amended Complaint.

109. Admit the allegations set forth in Paragraph 109 of the Amended Complaint.

110. Deny the allegations set forth in Paragraph 110 of the Amended Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Amended Complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Amended Complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Amended Complaint.

114. Paragraph 114 is a legal conclusion for which no response is required. To the extent a response is required the Chatham defendants deny knowledge or information sufficient to

9

form a belief as to the truth of the allegations set forth in Paragraph 114 of the Amended Complaint, except admit that Chatham employed Whitney Trucking's employees immediately after they left Whitney Trucking's payroll.

115.    Deny the allegations set forth in Paragraph 115 of the Amended Complaint, except admit Chatham is a single employer with Whitney Trucking.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Amended Complaint.

117.    Deny the allegations set forth in Paragraph 117 of the Amended Complaint.

118.    Deny the allegations set forth in Paragraph 118 of the Amended Complaint.

119.    Admit the allegations set forth in Paragraph 119 of the Amended Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Amended Complaint.

121.    Deny the allegations set forth in Paragraph 121 of the Amended Complaint.

122.    Deny the allegations set forth in Paragraph 122 of the Amended Complaint.

123.    Admit the allegations set forth in Paragraph 123 of the Amended Complaint.

124.    Admit the allegations set forth in Paragraph 124 of the Amended Complaint.

125.    Admit the allegations set forth in Paragraph 125 of the Amended Complaint.

126.    Admit the allegations set forth in Paragraph 126 of the Amended Complaint.

127.    Admit the allegations set forth in Paragraph 127 of the Amended Complaint.

128.    Deny the allegations set forth in Paragraph 128 of the Amended Complaint.

129.    Deny the allegations set forth in Paragraph 129 of the Amended Complaint.

130.    Deny the allegations set forth in Paragraph 130 of the Amended Complaint.

131.    Deny the allegations set forth in Paragraph 131 of the Amended Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Amended Complaint.

133.    Admit the allegations set forth in Paragraph 133 of the Amended Complaint.

134.    Paragraph 134 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny the allegations set forth in Paragraph 134 of the Amended Complaint.

135.    Paragraph 135 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny the allegations set forth in Paragraph 135 of the Amended Complaint.

136.    Paragraph 136 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny the allegations set forth in Paragraph 136 of the Amended Complaint.

137.    Admit the allegations set forth in Paragraph 137 of the Amended Complaint.

138.    Deny the allegations set forth in Paragraph 138 of the Amended Complaint.

139.    Deny the allegations set forth in Paragraph 139 of the Amended Complaint.

140.    Admit the allegations set forth in Paragraph 140 of the Amended Complaint.

141.    Deny the allegations set forth in Paragraph 141 of the Amended Complaint.

142.    Deny the allegations set forth in Paragraph 142 of the Amended Complaint.

143.    Deny the allegations set forth in Paragraph 143 of the Amended Complaint.

144.    Deny the allegations set forth in Paragraph 144 of the Amended Complaint.

145.    Deny the allegations set forth in Paragraph 145 of the Amended Complaint.

146.    Deny the allegations set forth in Paragraph 146 of the Amended Complaint.

147.    Deny the allegations set forth in Paragraph 147 of the Amended Complaint.

148.    Deny the allegations set forth in Paragraph 148 of the Amended Complaint.

149.    Deny the allegations set forth in Paragraph 149 of the Amended Complaint.

150.    Deny the allegations set forth in Paragraph 150 of the Amended Complaint.

151.    Deny the allegations set forth in Paragraph 151 of the Amended Complaint.

152.    Deny the allegations set forth in Paragraph 152 of the Amended Complaint.

153.    Admit the allegations set forth in Paragraph 153 of the Amended Complaint.

154.    Admit the allegations set forth in Paragraph 154 of the Amended Complaint.

155.    Deny the allegations set forth in Paragraph 155 of the Amended Complaint.

156.    Deny the allegations set forth in Paragraph 156 of the Amended Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 157 of the Amended Complaint.

158.    Admit the allegations set forth in Paragraph 158 of the Amended Complaint.

159.    Admit the allegations set forth in Paragraph 159 of the Amended Complaint.

160.    Deny the allegations set forth in Paragraph 160 of the Amended Complaint.

161.    Deny the allegations set forth in Paragraph 161 of the Amended Complaint.

162.    Deny the allegations set forth in Paragraph 162 of the Amended Complaint.

163.    Deny the allegations set forth in Paragraph 163 of the Amended Complaint.

164.    Deny the allegations set forth in Paragraph 164 of the Amended Complaint.

165.    Deny the allegations set forth in Paragraph 165 of the Amended Complaint.

166.    Admit the allegations set forth in Paragraph 166 of the Amended Complaint.

167.    Deny the allegations set forth in Paragraph 167 of the Amended Complaint.

168.    Admit the allegations set forth in Paragraph 168 of the Amended Complaint.

169.    Deny the allegations set forth in Paragraph 169 of the Amended Complaint.

170.   Deny the allegations set forth in Paragraph 170 of the Amended Complaint.

171.   Deny the allegations set forth in Paragraph 171 of the Amended Complaint.

172.   Deny the allegations set forth in Paragraph 172 of the Amended Complaint.

173.   Deny the allegations set forth in Paragraph 173 of the Amended Complaint, except
       specifically admit that Juda, South Jersey and American Transportation are all
       subsidiaries of Pure Earth, Inc.

174.   Deny the allegations set forth in Paragraph 174 of the Amended Complaint.

175.   Deny the allegations set forth in Paragraph 175 of the Amended Complaint.

176.   Deny the allegations set forth in Paragraph 176 of the Amended Complaint.

177.   Deny the allegations set forth in Paragraph 177 of the Amended Complaint.

178.   Deny the allegations set forth in Paragraph 178 of the Amended Complaint.

179.   Deny the allegations set forth in Paragraph 179 of the Amended Complaint.

180.   Deny the allegations set forth in Paragraph 180 of the Amended Complaint.

181.   Deny the allegations set forth in Paragraph 181 of the Amended Complaint.

182.   Deny knowledge or information sufficient to form a belief as to the truth of the
       allegations set forth in Paragraph 182 of the Amended Complaint.

183.   Deny knowledge or information sufficient to form a belief as to the truth of the
       allegations set forth in Paragraph 183 of the Amended Complaint.

184.   Deny knowledge or information sufficient to form a belief as to the truth of the
       allegations set forth in Paragraph 184 of the Amended Complaint.

185.   Deny knowledge or information sufficient to form a belief as to the truth of the
       allegations set forth in Paragraph 185 of the Amended Complaint.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Amended Complaint.

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Amended Complaint.

188. Admit the allegations set forth in Paragraph 188 of the Amended Complaint.

189. Deny the allegations set forth in Paragraph 189 of the Amended Complaint.

190. Deny the allegations set forth in Paragraph 190 of the Amended Complaint.

191. Deny the allegations set forth in Paragraph 191 of the Amended Complaint.

192. Deny the allegations set forth in Paragraph 192 of the Amended Complaint.

193. Deny the allegations set forth in Paragraph 193 of the Amended Complaint.

194. Deny the allegations set forth in Paragraph 194 of the Amended Complaint.

195. Deny the allegations set forth in Paragraph 195 of the Amended Complaint.

196. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Amended Complaint.

197. Deny the allegations set forth in Paragraph 197 of the Amended Complaint.

198. Deny the allegations set forth in Paragraph 198 of the Amended Complaint.

199. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of the Amended Complaint.

200. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 of the Amended Complaint.

201. Deny the allegations set forth in Paragraph 201 of the Amended Complaint.

202. Deny the allegations set forth in Paragraph 202 of the Amended Complaint.

203. Deny the allegations set forth in Paragraph 203 of the Amended Complaint.

204.    Deny the allegations set forth in Paragraph 204 of the Amended Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Amended Complaint.

206.    Deny the allegations set forth in Paragraph 206 of the Amended Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Amended Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208 of the Amended Complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 of the Amended Complaint.

210.    Deny the allegations set forth in Paragraph 210 of the Amended Complaint.

211.    Deny the allegations set forth in Paragraph 211 of the Amended Complaint.

212.    Deny the allegations set forth in Paragraph 212 of the Amended Complaint.

213.    Deny the allegations set forth in Paragraph 213 of the Amended Complaint.

214.    Deny the allegations set forth in Paragraph 214 of the Amended Complaint.

215.    Deny the allegations set forth in Paragraph 215 of the Amended Complaint.

216.    Deny the allegations set forth in Paragraph 216 of the Amended Complaint.

217.    Deny the allegations set forth in Paragraph 217 of the Amended Complaint.

218.    Deny the allegations set forth in Paragraph 218 of the Amended Complaint.

219.    Deny the allegations set forth in Paragraph 219 of the Amended Complaint.

220.    Deny the allegations set forth in Paragraph 220 of the Amended Complaint.

221.    Deny the allegations set forth in Paragraph 221 of the Amended Complaint.

222.    Deny the truth of the allegations set forth in Paragraph 222 of the Amended
Complaint.

223.    Deny the allegations set forth in Paragraph 223 of the Amended Complaint.

224.    Deny the allegations set forth in Paragraph 224 of the Amended Complaint.

225.    Deny the allegations set forth in Paragraph 225 of the Amended Complaint.

226.    Deny the allegations set forth in Paragraph 226 of the Amended Complaint.

227.    Deny the allegations set forth in Paragraph 227 of the Amended Complaint.

228.    Deny the allegations set forth in Paragraph 228 of the Amended Complaint.

229.    Deny the allegations set forth in Paragraph 229 of the Amended Complaint.

230.    Deny the allegations set forth in Paragraph 230 of the Amended Complaint.

231.    Deny the allegations set forth in Paragraph 231 of the Amended Complaint.

232.    Deny the allegations set forth in Paragraph 232 of the Amended Complaint.

233.    Deny the allegations set forth in Paragraph 233 of the Amended Complaint.

234.    Deny the allegations set forth in Paragraph 234 of the Amended Complaint.

235.    Deny the allegations set forth in Paragraph 235 of the Amended Complaint.

236.    Deny the allegations set forth in Paragraph 236 of the Amended Complaint.

237.    Deny the allegations set forth in Paragraph 237 of the Amended Complaint.

238.    Deny the allegations set forth in Paragraph 238 of the Amended Complaint.

239.    Deny the allegations set forth in Paragraph 239 of the Amended Complaint.

240.    Deny the allegations set forth in Paragraph 240 of the Amended Complaint.

241.    Deny the allegations set forth in Paragraph 241 of the Amended Complaint.

242.    Deny the allegations set forth in Paragraph 242 of the Amended Complaint.

243.    Deny the allegations set forth in Paragraph 243 of the Amended Complaint.

244.    Deny the allegations set forth in Paragraph 244 of the Amended Complaint.

245.    Deny the allegations set forth in Paragraph 245 of the Amended Complaint.

246.    Deny the allegations set forth in Paragraph 246 of the Amended Complaint.

247.    Deny the allegations set forth in Paragraph 247 of the Amended Complaint.

248.    Deny the allegations set forth in Paragraph 248 of the Amended Complaint.

249.    Deny the allegations set forth in Paragraph 249 of the Amended Complaint.

250.    Deny the allegations set forth in Paragraph 250 of the Amended Complaint.

251.    Deny the allegations set forth in Paragraph 251 of the Amended Complaint.

252.    In response to Paragraph 252 of the Amended Complaint, the Chatham defendants
repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 251
of the Amended Complaint, inclusive, as if fully set forth herein.

253.    Paragraph 253 calls for a conclusion of law for which no response is required. To the
extent the Court requires a response the Chatham defendants deny the allegations set
forth in Paragraph 253 of the Amended Complaint.

254.    Deny the allegations set forth in Paragraph 254 of the Amended Complaint.

255.    In response to Paragraph 255 of the Amended Complaint, the Chatham defendants
repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 254
of the Amended Complaint, inclusive, as if fully set forth herein.

256.    Deny the allegations set forth in Paragraph 256 of the Amended Complaint.

257.    Deny the allegations set forth in Paragraph 257 of the Amended Complaint.

258.    In response to Paragraph 258 of the Amended Complaint, the Chatham defendants
repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 257
of the Amended Complaint, inclusive, as if fully set forth herein.

259.    Deny the allegations set forth in Paragraph 259 of the Amended Complaint.

260.    Deny the allegations set forth in Paragraph 260 of the Amended Complaint.

261.    Deny the allegations set forth in Paragraph 261 of the Amended Complaint.

262.    In response to Paragraph 262 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 261
        of the Amended Complaint, inclusive, as if fully set forth herein.

263.    Paragraph 263 calls for a conclusion of law for which no response is required. To the
        extent the Court requires a response the Chatham defendants deny knowledge or
        information sufficient to form a belief as to the truth of the allegations set forth in
        Paragraph 263 of the Amended Complaint.

264.    Deny the allegations set forth in Paragraph 264 of the Amended Complaint.

265.    In response to Paragraph 265 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 264
        of the Amended Complaint, inclusive, as if fully set forth herein.

266.    Paragraph 266 is a conclusion of law for which no response is required. To the extent
        the Court requires a response the Chatham defendants admit the allegations set forth in
        Paragraph 266 of the Amended Complaint.

267.    Paragraph 267 is a conclusion of law for which no response is required. To the extent
        the Court requires a response the Chatham defendants deny knowledge or information
        sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of
        the Amended Complaint, except denies that Whitney Trucking owes money to the
        Pension Fund.

268.    In response to Paragraph 268 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 267
        of the Amended Complaint, inclusive, as if fully set forth herein.

269.    Deny the allegations set forth in Paragraph 269 of the Amended Complaint.

270.    Deny the allegations set forth in Paragraph 270 of the Amended Complaint.

271.    In response to Paragraph 271 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 270
        of the Amended Complaint, inclusive, as if fully set forth herein.

272.    Deny the allegations set forth in Paragraph 272 of the Amended Complaint.

273.    Deny the allegations set forth in Paragraph 273 of the Amended Complaint.

274.    In response to Paragraph 274 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 273
        of the Amended Complaint, inclusive, as if fully set forth herein.

275.    Deny the allegations set forth in Paragraph 275 of the Amended Complaint.

276.    Deny the allegations set forth in Paragraph 276 of the Amended Complaint.

277.    Deny the allegations set forth in Paragraph 277 of the Amended Complaint.

278.    In response to Paragraph 278 of the Amended Complaint, the Chatham defendants
        repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 277
        of the Amended Complaint, inclusive, as if fully set forth herein.

279.    Deny the allegations set forth in Paragraph 279 of the Amended Complaint.

280.    Deny the allegations set forth in Paragraph 280 of the Amended Complaint.

281.    In response to Paragraph 281 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 280

of the Amended Complaint, inclusive, as if fully set forth herein.

282.    Deny the allegations set forth in Paragraph 282 of the Amended Complaint.

283.    Deny the allegations set forth in Paragraph 283 of the Amended Complaint.

284.    In response to Paragraph 284 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 283

of the Amended Complaint, inclusive, as if fully set forth herein.

285.    Deny the allegations set forth in Paragraph 285 of the Amended Complaint.

286.    Deny the allegations set forth in Paragraph 286 of the Amended Complaint.

287.    In response to Paragraph 287 of the Amended Complaint, repeat, realleges, and

incorporates by reference their responses to Paragraphs 1 through 286 of the Amended

Complaint, inclusive, as if fully set forth herein.

288.    Deny the allegations set forth in Paragraph 288 of the Amended Complaint.

289.    Deny the allegations set forth in Paragraph 289 of the Amended Complaint.

290.    In response to Paragraph 290 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 289

of the Amended Complaint, inclusive, as if fully set forth herein.

291.    Deny the allegations set forth in Paragraph 291 of the Amended Complaint.

292.    Deny the allegations set forth in Paragraph 292 of the Amended Complaint.

293.    In response to Paragraph 293 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 292

of the Amended Complaint, inclusive, as if fully set forth herein.

294.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 294 of the Amended Complaint.

295.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 295 of the Amended Complaint.

296.    Deny the allegations set forth in Paragraph 296 of the Amended Complaint.

297.    In response to Paragraph 297 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 296 of the Amended Complaint, inclusive, as if fully set forth herein.

298.    Deny the allegations set forth in Paragraph 298 of the Amended Complaint.

299.    Deny the allegations set forth in Paragraph 299 of the Amended Complaint.

300.    In response to Paragraph 300 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 299 of the Amended Complaint, inclusive, as if fully set forth herein.

301.    Deny the allegations set forth in Paragraph 301 of the Amended Complaint.

302.    Deny the allegations set forth in Paragraph 302 of the Amended Complaint.

303.    In response to Paragraph 303 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 302 of the Amended Complaint, inclusive, as if fully set forth herein.

304.    Paragraph 304 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham  defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth Paragraph 304 of the Amended Complaint.

305. Paragraph 305 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 305 of the Amended Complaint.

306. Deny the allegations set forth in Paragraph 306 of the Amended Complaint.

307. In response to Paragraph 307 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 306 of the Amended Complaint, inclusive, as if fully set forth herein.

308. Deny the allegations set forth in Paragraph 308 of the Amended Complaint.

309. Deny the allegations set forth in Paragraph 309 of the Amended Complaint.

310. In response to Paragraph 310 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 309 of the Amended Complaint, inclusive, as if fully set forth herein.

311. Deny the allegations set forth in Paragraph 311 of the Amended Complaint.

312. Deny the allegations set forth in Paragraph 312 of the Amended Complaint.

313. In response to Paragraph 313 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 312 of the Amended Complaint, inclusive, as if fully set forth herein.

314. Deny the allegations set forth in Paragraph 314 of the Amended Complaint.

315. Deny the allegations set forth in Paragraph 315 of the Amended Complaint.

316. Deny the allegations set forth in Paragraph 316 of the Amended Complaint.

317.    In response to Paragraph 317 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 316 of the Amended Complaint, inclusive, as if fully set forth herein.

318.    Deny the allegations set forth in Paragraph 318 of the Amended Complaint.

319.    Deny the allegations set forth in Paragraph 319 of the Amended Complaint.

320.    In response to Paragraph 320 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 319 of the Amended Complaint, inclusive, as if fully set forth herein.

321.    Deny the allegations set forth in Paragraph 321 of the Amended Complaint.

322.    Deny the allegations set forth in Paragraph 322 of the Amended Complaint.

323.    In response to Paragraph 323 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 322 of the Amended Complaint, inclusive, as if fully set forth herein.

324.    Paragraph 324 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 324 of the Amended Complaint.

325.    Paragraph 325 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 325 of the Amended Complaint.

326.    Deny the allegations set forth in Paragraph 326 of the Amended Complaint.

327.    In response to Paragraph 327 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 326 of the Amended Complaint, inclusive, as if fully set forth herein.

328.    Deny the allegations set forth in Paragraph 328 of the Amended Complaint.

329.    Deny the allegations set forth in Paragraph 329 of the Amended Complaint.

330.    In response to Paragraph 330 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 329 of the Amended Complaint, inclusive, as if fully set forth herein.

331.    Deny the allegations set forth in Paragraph 331 of the Amended Complaint.

332.    Deny the allegations set forth in Paragraph 332 of the Amended Complaint.

333.    In response to Paragraph 333 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 332 of the Amended Complaint, inclusive, as if fully set forth herein.

334.    Paragraph 334 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 334 of the Amended Complaint.

335.    Paragraph 335 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 335 of the Amended Complaint.

336.    Paragraph 336 calls for a legal conclusion for which no response is required. To the extent the Court requires a response the Chatham defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 336 of the Amended Complaint.

337.     In response to Paragraph 337 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 336

of the Amended Complaint, inclusive, as if fully set forth herein.

338.    Deny the allegations set forth in Paragraph 338 of the Amended Complaint.

339.    Deny the allegations set forth in Paragraph 339 of the Amended Complaint.

340.    In response to Paragraph 340 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 339

of the Amended Complaint, inclusive, as if fully set forth herein.

341.    Deny the allegations set forth in Paragraph 341 of the Amended Complaint.

342.    Deny the allegations set forth in Paragraph 342 of the Amended Complaint.

343.    In response to Paragraph 343 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 342

of the Amended Complaint, inclusive, as if fully set forth herein.

344.    Deny the allegations set forth in Paragraph 344 of the Amended Complaint.

345.    Deny the allegations set forth in Paragraph 345 of the Amended Complaint.

346.    In response to Paragraph 346 of the Amended Complaint, the Chatham defendants

repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 345

of the Amended Complaint, inclusive, as if fully set forth herein.

347.    Deny the allegations set forth in Paragraph 347 of the Amended Complaint.

348.    Deny the allegations set forth in Paragraph 348 of the Amended Complaint.

349.    In response to Paragraph 349 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 348 of the Amended Complaint, inclusive, as if fully set forth herein.

350.    Deny the allegations set forth in Paragraph 350 of the Amended Complaint.

351.    Deny the allegations set forth in Paragraph 351 of the Amended Complaint.

352.    In response to Paragraph 352 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 351 of the Amended Complaint, inclusive, as if fully set forth herein.

353.    Deny the allegations set forth in Paragraph 353 of the Amended Complaint.

354.    Deny the allegations set forth in Paragraph 354 of the Amended Complaint.

355.    In response to Paragraph 355 of the Amended Complaint, the Chatham defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 354 of the Amended Complaint, inclusive, as if fully set forth herein.

356.    Deny the allegations set forth in Paragraph 356 of the Amended Complaint.

357.    Deny the allegations set forth in Paragraph 357 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

358.    The defendants have not failed to pay any amounts to the Local 282 Pension Fund.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

359.    The defendants are not "trades or businesses under common control" or alter egos or single employers of each other or (with the exception of Chatham Construction) of Whitney Trucking and are not control groups of Whitney Trucking and are therefore not liable for any amounts that the Court may find is owed by any defendant or by Whitney Trucking.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

360.    The defendants are not liable to the extent there is no agreement with a Chatham
defendant requiring that defendant to contribute to the Local 282 Pension Fund.
Additionally, upon information and belief, the Chatham defendants (with the exception of
Chatham Construction) never directly signed any collective bargaining agreement,
participation agreement or other document requiring employee benefit fund contributions
for the period that is the subject of this lawsuit.  Therefore, there is no contractual or
statutory obligation of any unsigned Chatham defendant to make contributions to the
Local 282 Pension Fund.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

361.    The plaintiffs failed to satisfy the notice requirements set forth in 29 USC § 1399 and
otherwise failed to give timely notice of alleged withdrawal liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

362.    The plaintiffs' claims are barred by the doctrine of laches, waiver, and equitable and
legal estoppel and the applicable statutes of limitation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

363.    The Complaint fails to state a cognizable legal complaint against the Chatham
defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

364.    The plaintiffs have failed to utilize the correct computation method, actuarial
assumptions, plan asset and liability determination, date of asserted withdrawal, plan
rules, uncollectible amounts and data regarding the Chatham defendants' alleged
contribution history in assessing liability and have otherwise improperly calculated the

alleged liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

365.   The Chatham defendants are not in default and the plaintiffs are not entitled to accelerate and demand immediate and full payment of the alleged withdrawal liability since the plaintiffs never complied with the MEPAA notice requirements and never provided the Chatham defendants with an opportunity to demand arbitration relating to this dispute.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

366.   The plaintiffs failed to exercise their responsibilities to monitor and collect liabilities owed to the Local 282 Pension Fund and therefore any unfunded vested liability existing in the Local 282 Pension Fund is the result of the plaintiffs' actions or their predecessors and not these Chatham defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

367.   The statutory definitions of "withdrawal" and "employer" within the meaning of the MEPAA statute have not been met with respect to any of the Chatham defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

368.   The Chatham defendants are not legally obligated to pay amounts to the Local 282 Pension Fund.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

369.   The plaintiffs have failed to satisfy the statutory and contractual prerequisites to commencing the instant action, and have otherwise failed to provide the Chatham defendants with proper notice or an opportunity to file a request for review and/or demand for arbitration of the liability determination.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE and FIRST CROSS-CLAIM

370.    Should the trier of fact determine that any of the Chatham defendants are liable to

plaintiffs for any of the causes of action set forth in the Amended Complaint, such

liability arises out of acts performed, or acts failed to have been performed, by the

corporate defendants Juda Construction, Ltd., Pure Earth, Inc., Pure Earth Transportation

and Disposal Systems, Inc., a/k/a American Transportation and Disposal Systems, Ltd.,

and Pure Earth Materials, Inc., a/k/a/ South Jersey Development, Inc.

371.    Therefore, to the extent that any judgment(s) is/are entered against the Chatham

defendants based upon the conduct of the co-defendants enumerated in Paragraph 370,

supra, the Chatham defendants are entitled to recover the full amount of any such

judgment(s) from said co-defendants.

## JURY TRIAL

372.    The Chatham defendants demand a jury trial.

**WHEREFORE**, the Chatham defendants pray for judgment against Plaintiffs Gary La

Barbera, Thomas Gesualdi, Lawrence Kudla, Louis Bisignano, Anthony Pirozzi, Frank Finkel,

Joseph Ferrara, Sr., Lynn Mourey, Marc Herbst, and Thomas Piali, as Trustees and Fiduciaries of the

Local 282 Pension Trust Fund, as follows:

1.    An order dismissing the Amended Complaint for failure to state a cause of action as

to the Chatham defendants; or, in the alternative,

2.    an order directing the remaining defendants compensate and make whole the

Chatham defendants for the dollar amount of any and all liability arising out of the

causes of action set forth in the Amended Complaint; and/or

3. granting the Chatham defendants reasonable attorney's fees, costs and disbursements

of this action; and for such other and further relief as this Court deems necessary and

proper.

DATED: White Plains, New York
   August 15, 2007



YOURS, ETC.,

By: _____
 Chr_____(14)
 TRIVELLA, FORTE & SMITH, LLP
 1311 Mamaroneck Avenue, Suite 170
 White Plains, New York 10605
 (914) 949-9075/(914) 949-4752

To: FRIEDMAN & WOLF, Esqs.
  Attorneys for Plaintiffs
  1500 Broadway, Suite 2300
  New York, NY  10036
  Phone: (212) 354-4500
  Fax: (212) 719-9072
  Attn: Erin Weeks Waldner, Esq. (EW-0330)
    Michael Bauman, Esq. (MB-9118)

  BAHN, HERZFELD & MULTER, LLP
  Attorneys for Defendants Juda Construction, Ltd,
  Pure Earth, Inc., Pure Earth Transportation and
  Disposal Systems LLC, a/k/a American Transportation
  and Disposal Systems, Ltd., and Pure Earth Materials,
  Inc., a/k/a South Jersey Development, Inc.
  555 Fifth Avenue, 14th Floor
  New York, NY  10017
  Phone: (212) 818-9019
  Fax: (212) 986-5316
  Attn: Andrew Multer (AM-2116)