UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

GARY LA BARBERA, THOMAS GESUALDI,      :
LAWRENCE KUDLA, LOUIS BISIGNANO,                   Dkt No. 07 CV 5763 (JSR)
ANTHONY PIROZZI, FRANK FINKEL,             :
JOSEPH FERRARA, SR., LYNN MOUREY,
MARC HERBST, and THOMAS PIALI,             :
as Trustees and Fiduciaries of the Local 282
Pension Fund Trust,                        :

              Plaintiffs,                 :

          - against -                       :

JUDA CONSTRUCTION, LTD.;                   :
FULLERTON LAND DEVELOPMENT, LTD.,
a/k/a FULLERTON AVENUE LAND                :
DEVELOPMENT, LTD.; CTJ CONSTRUCTION,
LTD.; CHATHAM CONSTRUCTION, LTD.;          :
TORRETTA TRUCKING INC.;
FINESSE CONSTRUCTION, LLC;                 :
INNOVATIVE DISPOSAL SYSTEMS LLC;
PURE EARTH, INC.; PURE EARTH               :
TRANSPORTATION AND DISPOSAL
SYSTEMS, INC., a/k/a AMERICAN              :
TRANSPORTATION AND DISPOSAL
SYSTEMS, LTD.; PURE EARTH MATERIALS,       :
INC., a/k/a SOUTH JERSEY DEVELOPMENT,
INC.; THOMAS ATTONITO; NICHOLAS            :
PANICCIA; and CHRISTOPHER UZZI,

              Defendants.                 :

--------------------------------------------------------------X

**ANSWER OF DEFENDANTS
JUDA CONSTRUCTION, LTD.,
PURE EARTH, INC., PURE
EARTH TRANSPORTATION AND
DISPOSAL SYSTEMS, INC., a/k/a
AMERICAN TRANSPORTATION
AND DISPOSAL SYSTEMS, LTD.,
and PURE EARTH MATERIALS,
INC., a/k/a SOUTH JERSEY
DEVELOPMENT, INC., TO
<u>SECOND AMENDED COMPLAINT</u>**

       Defendants Juda Construction, Ltd., Pure Earth, Inc., Pure Earth Transportation and Disposal

Systems, Inc., a/k/a American Transportation and Disposal Systems, Ltd., and Pure Earth Materials,

Inc., a/k/a/ South Jersey Development, Inc. (collectively, the "Pure Earth defendants"), by and

through their counsel, Bahn, Herzfeld & Multer, LLP, hereby answer the Second Amended Complaint in this matter as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Second Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

4. Admit that venue in this District is proper as to the Pure Earth defendants.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Second Amended Complaint, but admit that plaintiffs purport to proceed as set forth therein.

6. Admit the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Second Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19. Deny the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20. Admit the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Second Amended Complaint, except specifically admit that Pure Earth Transportation and Disposal Systems, Inc., a/k/a American Transportation and Disposal Systems, Ltd., is a wholly-owned subsidiary of Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., which is a wholly-

owned subsidiary of Pure Earth, Inc., and that Pure Earth Transportation and Disposal Systems, Inc., maintains a place of business at 400 East Tiffany Street, Bronx, New York 10474.

22. Admit the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23. Admit the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Second Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28. Deny the allegation, set forth in Paragraph 28 of the Second Amended Complaint, that Nicholas Paniccia is currently the President of Juda Construction, Ltd., and deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth therein that Paniccia was formerly Juda's sole "owner".

29. Admit the allegation, set forth in Paragraph 29 of the Second Amended Complaint, that Nicholas Paniccia is a shareholder of Pure Earth, Inc., deny the allegation set forth therein that Pure Earth, Inc. "acquired Juda by stock exchange," and specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired Juda by stock exchange in or about January 2006.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31. Admit the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32. Admit the allegation set forth in Paragraph 32 of the Second Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegation, set forth in Paragraph 33 of the Second Amended Complaint, that Christopher Uzzi was the "sole owner" of American Transportation prior to its acquisition by South Jersey.

34. Admit the allegation, set forth in Paragraph 34 of the Second Amended Complaint, that Christopher Uzzi is currently a shareholder of Pure Earth, Inc., deny the allegation set forth therein that Pure Earth, Inc. stock "was exchanged to acquire American Transportation," and specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired American Transportation by stock exchange in or about January 2006.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Second Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Second Amended Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Second Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Second Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Second Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47. Admit the allegation, set forth in Paragraph 47 of the Second Amended Complaint, that an action was commenced in May 2006, and admit that plaintiffs purported to proceed as set forth therein.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Second Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Second Amended Complaint.

6

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51. Admit the allegations set forth in Paragraph 51 of the Second Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Second Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56. Admit the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Second Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Second Amended Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Second Amended Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Second Amended Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Second Amended Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Second Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Second Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Second Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87. Deny the allegations set forth in Paragraph 87 of the Second Amended Complaint, except specifically admit that Paniccia was an owner of Juda prior to its acquisition by South Jersey Development, Inc.

88. Deny the allegations set forth in Paragraph 88 of the Second Amended Complaint.

89. Deny the allegations set forth in Paragraph 89 of the Second Amended Complaint, except specifically admit that Pure Earth, Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc., acquired Juda by stock exchange in or about January 2006.

90. Deny the allegation set forth in Paragraph 90 of the Second Amended Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Second Amended Complaint.

93. Deny the allegations set forth in Paragraph 93 of the Second Amended Complaint.

94. Deny the allegations, set forth in Paragraph 94 of the Second Amended Complaint, that "Pure Earth acquired American Transportation," and specifically admit that Pure Earth,

Inc.'s subsidiary, Pure Earth Materials, Inc., a/k/a South Jersey Development, Inc.,

acquired American Transportation by stock exchange in or about January 2006.

95. Admit the allegations set forth in Paragraph 95 of the Second Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 96 of the Second Amended Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 97 of the Second Amended Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 98 of the Second Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 99 of the Second Amended Complaint.

100.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 100 of the Second Amended Complaint.

101.   Deny the allegations set forth in Paragraph 101 of the Second Amended Complaint.

102.   Deny the allegations set forth in Paragraph 102 of the Second Amended Complaint.

103.   Deny the allegations set forth in Paragraph 103 of the Second Amended Complaint.

104.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 104 of the Second Amended Complaint.

105.   Deny the allegations set forth in Paragraph 105 of the Second Amended Complaint.

106.   Deny the allegations set forth in Paragraph 106 of the Second Amended Complaint.

107.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 107 of the Second Amended Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Second Amended Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Second Amended Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Second Amended Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Second Amended Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Second Amended Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Second Amended Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Second Amended Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Second Amended Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Second Amended Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Second Amended Complaint.

118.    Deny the allegations set forth in Paragraph 118 of the Second Amended Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Second Amended Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 120 of the Second Amended Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 121 of the Second Amended Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 122 of the Second Amended Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 123 of the Second Amended Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 124 of the Second Amended Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 125 of the Second Amended Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 126 of the Second Amended Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 127 of the Second Amended Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 128 of the Second Amended Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 129 of the Second Amended Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 130 of the Second Amended Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Second Amended Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Second Amended Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Second Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Second Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Second Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Second Amended Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Second Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Second Amended Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Second Amended Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Second Amended Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Second Amended Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Second Amended Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Second Amended Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Second Amended Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Second Amended Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Second Amended Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Second Amended Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Second Amended Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Second Amended Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Second Amended Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Second Amended Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Second Amended Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 153 of the Second Amended Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 154 of the Second Amended Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 155 of the Second Amended Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 156 of the Second Amended Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 157 of the Second Amended Complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 158 of the Second Amended Complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 159 of the Second Amended Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 160 of the Second Amended Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 161 of the Second Amended Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 162 of the Second Amended Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 163 of the Second Amended Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 164 of the Second Amended Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 165 of the Second Amended Complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 166 of the Second Amended Complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 167 of the Second Amended Complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 168 of the Second Amended Complaint.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 169 of the Second Amended Complaint.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 170 of the Second Amended Complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 171 of the Second Amended Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 172 of the Second Amended Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 173 of the Amended Complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 174 of the Second Amended Complaint.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Second Amended Complaint.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Second Amended Complaint.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the Second Amended Complaint.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Second Amended Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179 of the Second Amended Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Second Amended Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 of the Second Amended Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 of the Second Amended Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 of the Second Amended Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 of the Second Amended Complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 185 of the Second Amended Complaint.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Second Amended Complaint.

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Second Amended Complaint.

188. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Second Amended Complaint.

189. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the Second Amended Complaint.

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Second Amended Complaint.

191. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Second Amended Complaint.

192. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Second Amended Complaint.

193. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Second Amended Complaint.

194. Deny the allegations set forth in Paragraph 194 of the Second Amended Complaint insofar as they refer to the Pure Earth defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein insofar as they refer to the remaining defendants.

195. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Second Amended Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 196 of the Second Amended Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 197 of the Second Amended Complaint.

198.    Deny the allegations set forth in Paragraph 198 of the Second Amended Complaint,
except specifically admit that Juda, South Jersey and American Transportation are all
subsidiaries of Pure Earth, Inc.

199.    Deny the allegations set forth in Paragraph 199 of the Second Amended Complaint.

200.    Deny the allegations set forth in Paragraph 200 of the Second Amended Complaint.

201.    Deny the allegations set forth in Paragraph 201 of the Second Amended Complaint.

202.    Deny the allegations set forth in Paragraph 202 of the Second Amended Complaint.

203.    Deny the allegations set forth in Paragraph 203 of the Second Amended Complaint.

204.    Deny the allegations set forth in Paragraph 204 of the Amended Complaint.

205.    Deny the allegations set forth in Paragraph 205 of the Second Amended Complaint.

206.    Deny the allegations set forth in Paragraph 206 of the Second Amended Complaint.

207.    Admit the allegations set forth in Paragraph 207 of the Second Amended Complaint.

208.    Admit the allegations set forth in Paragraph 208 of the Second Amended Complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 209 of the Second Amended Complaint.

210.    Admit the allegations set forth in Paragraph 210 of the Second Amended Complaint.

211.    Admit the allegations set forth in Paragraph 211 of the Second Amended Complaint.

212.    Admit the allegations set forth in Paragraph 212 of the Second Amended Complaint.

213.    Admit the allegations set forth in Paragraph 213 of the Second Amended Complaint.

214.    Deny the allegations set forth in Paragraph 214 of the Second Amended Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Second Amended Complaint.

216.    Deny the allegations set forth in Paragraph 216 of the Second Amended Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Second Amended Complaint.

218.    Deny the allegations set forth in Paragraph 218 of the Second Amended Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Second Amended Complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of the Second Amended Complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Second Amended Complaint.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 of the Second Amended Complaint.

223.    Deny the allegations set forth in Paragraph 223 of the Second Amended Complaint.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Second Amended Complaint.

225.    Deny the allegations set forth in Paragraph 225 of the Second Amended Complaint.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Second Amended Complaint.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Second Amended Complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Second Amended Complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Second Amended Complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Second Amended Complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231 of the Second Amended Complaint.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Second Amended Complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Second Amended Complaint.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 of the Amended Complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Second Amended Complaint.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Second Amended Complaint.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237 of the Second Amended Complaint.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Second Amended Complaint.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Second Amended Complaint.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Second Amended Complaint.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Second Amended Complaint.

242.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Second Amended Complaint.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243 of the Second Amended Complaint.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Second Amended Complaint.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Second Amended Complaint.

246.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Second Amended Complaint.

247.    Deny the allegations set forth in Paragraph 247 of the Second Amended Complaint as they relate to Juda, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as to Chatham and Torretta.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Second Amended Complaint.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Second Amended Complaint.

250.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Second Amended Complaint.

251.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Second Amended Complaint.

252.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Second Amended Complaint.

253.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 of the Second Amended Complaint.

254.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Second Amended Complaint.

255.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Second Amended Complaint.

256.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Second Amended Complaint.

257.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Second Amended Complaint.

258.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Second Amended Complaint.

259.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259 of the Second Amended Complaint.

260.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260 of the Second Amended Complaint.

261.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 261 of the Second Amended Complaint.

262.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 262 of the Second Amended Complaint.

263.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Second Amended Complaint.

264.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 of the Second Amended Complaint.

265.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 265 of the Second Amended Complaint.

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 266 of the Second Amended Complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of the Second Amended Complaint.

268.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 268 of the Second Amended Complaint.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Second Amended Complaint.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 270 of the Second Amended Complaint.

271.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 271 of the Second Amended Complaint.

272.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 of the Second Amended Complaint.

273.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Second Amended Complaint.

274.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 274 of the Second Amended Complaint.

275.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 275 of the Second Amended Complaint.

276.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 276 of the Second Amended Complaint.

277.   In response to Paragraph 277 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 276 of the Second Amended Complaint, inclusive, as if fully set forth herein.

278.   Deny the allegations set forth in Paragraph 278 of the Second Amended Complaint.

279.   Deny the allegations set forth in Paragraph 279 of the Second Amended Complaint.

280.   In response to Paragraph 280 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 279 of the Second Amended Complaint, inclusive, as if fully set forth herein.

281.   Deny the allegations set forth in Paragraph 281 of the Second Amended Complaint.

282.   Deny the allegations set forth in Paragraph 282 of the Second Amended Complaint.

283.   In response to Paragraph 283 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 282 of the Second Amended Complaint, inclusive, as if fully set forth herein.

284.    Deny the allegations set forth in Paragraph 284 of the Second Amended Complaint.

285.    Deny the allegations set forth in Paragraph 285 of the Second Amended Complaint.

286.    Deny the allegations set forth in Paragraph 286 of the Second Amended Complaint.

287.    In response to Paragraph 287 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 286 of the Second Amended Complaint, inclusive, as if fully set forth herein.

288.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 288 of the Second Amended Complaint.

289.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 289 of the Second Amended Complaint.

290.    In response to Paragraph 290 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 289 of the Second Amended Complaint, inclusive, as if fully set forth herein.

291.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 291 of the Second Amended Complaint.

292.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 292 of the Second Amended Complaint.

293.    In response to Paragraph 293 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 292 of the Second Amended Complaint, inclusive, as if fully set forth herein.

294.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 294 of the Second Amended Complaint.

295.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 295 of the Second Amended Complaint.

296.    In response to Paragraph 296 of the Second Amended Complaint, repeat, realleges,

and incorporates by reference their responses to Paragraphs 1 through 295 of the Second

Amended Complaint, inclusive, as if fully set forth herein.

297.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 297 of the Second Amended Complaint.

298.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 298 of the Second Amended Complaint.

299.    In response to Paragraph 299 of the Second Amended Complaint, repeat, realleges,

and incorporates by reference their responses to Paragraphs 1 through 298 of the Second

Amended Complaint, inclusive, as if fully set forth herein.

300.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 300 of the Second Amended Complaint.

301.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 301 of the Second Amended Complaint.

302.    In response to Paragraph 302 of the Second Amended Complaint, repeat, realleges,

and incorporates by reference their responses to Paragraphs 1 through 301 of the Second

Amended Complaint, inclusive, as if fully set forth herein.

303.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 303 of the Second Amended Complaint.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 304 of the Second Amended Complaint.

305.    In response to Paragraph 305 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 304 of the Second Amended Complaint, inclusive, as if fully set forth herein.

306.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 306 of the Second Amended Complaint.

307.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 307 of the Second Amended Complaint.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 308 of the Second Amended Complaint.

309.    In response to Paragraph 309 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 308 of the Second Amended Complaint, inclusive, as if fully set forth herein.

310.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 310 of the Second Amended Complaint.

311.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 of the Second Amended Complaint.

312.    In response to Paragraph 312 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 311 of the Second Amended Complaint, inclusive, as if fully set forth herein.

313.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 313 of the Second Amended Complaint.

314.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 314 of the Second Amended Complaint.

315.    In response to Paragraph 315 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 314 of the Second Amended Complaint, inclusive, as if fully set forth herein.

316.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 316 of the Second Amended Complaint.

317.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 317 of the Second Amended Complaint.

318.    In response to Paragraph 318 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 317 of the Second Amended Complaint, inclusive, as if fully set forth herein.

319.    Deny the allegations set forth in Paragraph 319 of the Second Amended Complaint.

320.    Deny the allegations set forth in Paragraph 320 of the Second Amended Complaint.

321.    In response to Paragraph 321 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 320 of the Second Amended Complaint, inclusive, as if fully set forth herein.

322.    Deny the allegations set forth in Paragraph 322 of the Second Amended Complaint.

323.    Deny the allegations set forth in Paragraph 323 of the Second Amended Complaint.

324.    In response to Paragraph 324 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 323 of the Second Amended Complaint, inclusive, as if fully set forth herein.

325.    Deny the allegations set forth in Paragraph 325 of the Second Amended Complaint.

326.    Deny the allegations set forth in Paragraph 326 of the Second Amended Complaint.

327.    Deny the allegations set forth in Paragraph 327 of the Second Amended Complaint.

328. In response to Paragraph 328 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 327 of the Second Amended Complaint, inclusive, as if fully set forth herein.

329. Deny the allegations set forth in Paragraph 329 of the Second Amended Complaint.

330. Deny the allegations set forth in Paragraph 330 of the Second Amended Complaint.

331. In response to Paragraph 331 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 330 of the Second Amended Complaint, inclusive, as if fully set forth herein.

332. Deny the allegations set forth in Paragraph 332 of the Second Amended Complaint.

333. Deny the allegations set forth in Paragraph 333 of the Second Amended Complaint.

334. In response to Paragraph 334 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 333 of the Second Amended Complaint, inclusive, as if fully set forth herein.

335. Deny the allegations set forth in Paragraph 335 of the Second Amended Complaint.

336. Deny the allegations set forth in Paragraph 336 of the Second Amended Complaint.

337. Deny the allegations set forth in Paragraph 337 of the Second Amended Complaint.

338. In response to Paragraph 338 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 337 of the Second Amended Complaint, inclusive, as if fully set forth herein.

339. Deny the allegations set forth in Paragraph 339 of the Second Amended Complaint.

340. Deny the allegations set forth in Paragraph 340 of the Second Amended Complaint.

341.   In response to Paragraph 341 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 340 of the Second Amended Complaint, inclusive, as if fully set forth herein.

342.   Deny the allegations set forth in Paragraph 342 of the Second Amended Complaint.

343.   Deny the allegations set forth in Paragraph 343 of the Second Amended Complaint.

344.   In response to Paragraph 344 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 343 of the Second Amended Complaint, inclusive, as if fully set forth herein.

345.   Deny the allegations set forth in Paragraph 345 of the Second Amended Complaint.

346.   Deny the allegations set forth in Paragraph 346 of the Second Amended Complaint.

347.   Deny the allegations set forth in Paragraph 347 of the Second Amended Complaint.

348.   In response to Paragraph 348 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 347 of the Second Amended Complaint, inclusive, as if fully set forth herein.

349.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 349 of the Second Amended Complaint.

350.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 350 of the Second Amended Complaint.

351.   In response to Paragraph 351 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 350 of the Second Amended Complaint, inclusive, as if fully set forth herein.

352.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 352 of the Second Amended Complaint.

353.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 353 of the Second Amended Complaint.

354.    In response to Paragraph 354 of the Second Amended Complaint, repeat, realleges,
and incorporates by reference their responses to Paragraphs 1 through 353 of the Second
Amended Complaint, inclusive, as if fully set forth herein.

355.    Deny the allegations set forth in Paragraph 355 of the Second Amended Complaint.

356.    Deny the allegations set forth in Paragraph 356 of the Second Amended Complaint.

357.    Deny the allegations set forth in Paragraph 357 of the Second Amended Complaint.

358.    In response to Paragraph 358 of the Second Amended Complaint, repeat, realleges,
and incorporates by reference their responses to Paragraphs 1 through 357 of the Second
Amended Complaint, inclusive, as if fully set forth herein.

359.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 359 of the Second Amended Complaint.

360.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 360 of the Second Amended Complaint.

361.    In response to Paragraph 361 of the Second Amended Complaint, repeat, realleges,
and incorporates by reference their responses to Paragraphs 1 through 360 of the Second
Amended Complaint, inclusive, as if fully set forth herein.

362.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 362 of the Second Amended Complaint.

363.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 363 of the Second Amended Complaint.

364.    In response to Paragraph 364 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 363 of the Second Amended Complaint, inclusive, as if fully set forth herein.

365.    Deny the allegations set forth in Paragraph 365 of the Second Amended Complaint.

366.    Deny the allegations set forth in Paragraph 366 of the Second Amended Complaint.

367.    Deny the allegations set forth in Paragraph 367 of the Second Amended Complaint.

368.    In response to Paragraph 368 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 367 of the Second Amended Complaint, inclusive, as if fully set forth herein.

369.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 369 of the Second Amended Complaint.

370.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 370 of the Second Amended Complaint.

371.    In response to Paragraph 371 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 370 of the Second Amended Complaint, inclusive, as if fully set forth herein.

372.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 372 of the Second Amended Complaint.

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 373 of the Second Amended Complaint.

374.    In response to Paragraph 374 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 373 of the Second Amended Complaint, inclusive, as if fully set forth herein.

375.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 375 of the Second Amended Complaint.

376.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 376 of the Second Amended Complaint.

377.    In response to Paragraph 377 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 376 of the Second Amended Complaint, inclusive, as if fully set forth herein.

378.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 378 of the Second Amended Complaint.

379.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 379 of the Second Amended Complaint.

380.    In response to Paragraph 380 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 379 of the Second Amended Complaint, inclusive, as if fully set forth herein.

381.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 381 of the Second Amended Complaint.

382.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 382 of the Second Amended Complaint.

383.    In response to Paragraph 383 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 382 of the Second Amended Complaint, inclusive, as if fully set forth herein.

384.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 384 of the Second Amended Complaint.

385.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 385 of the Second Amended Complaint.

386.    In response to Paragraph 386 of the Second Amended Complaint, repeat, realleges, and incorporates by reference their responses to Paragraphs 1 through 385 of the Second Amended Complaint, inclusive, as if fully set forth herein.

387.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 387 of the Second Amended Complaint.

388.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 388 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim on which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim on which an award of attorneys' fees may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of unjust enrichment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by plaintiffs' failure to exhaust their administrative remedies prior to filing suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Pure Earth defendants reserve the right to assert additional defenses based upon facts learned during discovery.

## AS AND FOR A FIRST CROSS-CLAIM
### (Defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Torretta Trucking, Inc., Finesse Construction LLC, and Innovative Disposal Systems, LLC)

Should the trier of fact determine that any of the Pure Earth defendants are liable to plaintiffs for any of the causes of action set forth in the Second Amended Complaint, such liability arises out of acts performed, or acts failed to have been performed, by the corporate defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Torretta Trucking, Inc., Finesse Construction LLC, and Innovative Disposal Systems, LLC.

Therefore, to the extent that any judgment(s) is/are entered against the Pure Earth defendants based upon the conduct of the co-defendants enumerated in the preceding paragraph, the Pure Earth defendants are entitled to recover the full amount of any such judgment(s) from said co-defendants.

## AS AND FOR A SECOND CROSS-CLAIM
### (Defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi)

Should the trier of fact determine that any of the Pure Earth defendants are liable to plaintiffs for any of the causes of action set forth in the Second Amended Complaint, such liability arises out of acts performed, or acts failed to have been performed, by the individual defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi for actions taken by them in their individual capacities, and/or on behalf of Juda Construction, Ltd., and/or American Transportation and Disposal Systems, Ltd., prior to Pure Earth, Inc.'s acquisition of these entities in January 2006.

Therefore, to the extent that any judgment(s) is/are entered against the Pure Earth defendants based upon the conduct of the individual co-defendants Attonito, Paniccia and Uzzi, as set forth in the preceding paragraph, the Pure Earth defendants are entitled to recover the full amount of any such judgment(s) from said co-defendants.


**WHEREFORE**, the Pure Earth defendants pray for judgment against Plaintiffs Gary La Barbera, Thomas Gesualdi, Lawrence Kudla, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Lynn Mourey, Marc Herbst, and Thomas Piali, as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, as follows:

1.  An order dismissing the Second Amended Complaint for failure to state a cause of action as to the Pure Earth defendants; or, in the alternative,

2.  An order directing corporate co-defendants Fullerton Avenue Land Development, Ltd., CTJ Construction, Ltd., Chatham Construction, Ltd., Torretta Trucking, Inc., Finesse Construction LLC, and Innovative Disposal Systems, LLC, to compensate and make whole the Pure Earth defendants for the dollar amount of any and all

liability arising out of the causes of action set forth in the Second Amended Complaint; and/or

3.  An order directing individual co-defendants Thomas Attonito, Nicholas Paniccia and Christopher Uzzi, to compensate and make whole the Pure Earth defendants for the dollar amount of any and all liability arising out of the causes of action set forth in the Second Amended Complaint; and

4.  Granting the Pure Earth defendants reasonable attorney's fees and costs; and

5.  For such other and further relief, in law or in equity, as this Court deems necessary and proper.

DATED:      New York, New York
            September 19, 2007


                        BAHN, HERZFELD & MULTER, LLP
                        Attorneys for Defendants Juda Construction, Ltd,
                              Pure Earth, Inc., Pure Earth Transportation and
                              Disposal Systems LLC, a/k/a American Transportation
                              and Disposal Systems, Ltd., and Pure Earth Materials,
                              Inc., a/k/a South Jersey Development, Inc.
                        555 Fifth Avenue, 14th Floor
                        New York, NY  10017
                        Phone: (212) 818-9019
                        Fax:    (212) 986-5316

                        By: _____
                              Andrew Multer (AM-2116)


To:    Erin Weeks Waldner, Esq. (EW-0330)
       Michael Bauman, Esq. (MB-9118)
       FRIEDMAN & WOLF
       Attorneys for Plaintiffs
       1500 Broadway, Suite 2300
       New York, NY  10036
       Phone: (212) 354-4500
       Fax:    (212) 719-9072

Christopher A. Smith, Esq. (CS-9014)
Trivella, Forte & Smith, LLP
Attorneys for Defendants Fullerton Land Development, Ltd., a/k/a Fullerton Avenue
        Land Development, Ltd., Chatham Construction, Ltd, Torretta Trucking Inc.,
        Thomas Attonito, Nicholas Paniccia, and Christopher Uzzi
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
Phone: (914) 843-9100
Fax:     (914) 949-4752

Leonard K. Herman, Esq. (LH-3174)
Attorney for Defendants Finesse Construction LLC and
        Innovative Disposal Systems LLC
75 Euclid Avenue
Ardsley, NY   10502
Phone: (914) 674-4936
Fax:     (914) 674-4936