UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LA BARBERA, THOMAS GESUALDI   *
LAWRENCE KUDLA, LOUIS BISIGNANO,   *
ANTHONY PIROZZI, FRANK FINKEL,     *
JOSEPH FERRARA, SR., LYNN MOUREY   *
MARC HERBST, and THOMAS PIALI      *
as Trustees and Fiduciaries of the Local 282   *
Pension Trust Fund,                *
                                   *
            Plaintiffs,            *
                                   *
        - against -                *   07-CV-5763 (JSR)
                                   *
JUDA CONSTRUCTION, LTD.; FULLERTON *
LAND DEVELOPMENT, LTD. a/k/a       *
FULLERTON AVENUE LAND DEVELOPMENT, *
LTD.; CTJ CONSTRUCTION, LTD.; CHATHAM *
CONSTRUCTION, LTD.; TORRETTA       *
TRUCKING INC.; FINESSE CONSTRUCTION *
LLC; INNOVATIVE DISPOSAL SYSTEMS LLC; *
PURE EARTH, INC.; PURE EARTH       *
TRANSPORTATION AND DISPOSAL        *
SYSTEMS, INC. a/k/a AMERICAN       *
TRANSPORTATION AND DISPOSAL        *
SYSTEMS, LTD.; PURE EARTH MATERIALS, *
INC. a/k/a SOUTH JERSEY DEVELOPMENT, *
INC.; THOMAS ATTONITO; NICHOLAS    *
PANICCIA; and CHRISTOPHER UZZI,    *
                                   *
            Defendants.            *
------------------------------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT

Gary La Barbera, Lawrence Kudla, Thomas Gesualdi, Louis Bisignano, Anthony

Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Lynn Mourey, Marc Herbst and Thomas Piali, as

Trustees (the "Trustees") and fiduciaries of the Local 282 Pension Trust Fund ("the Fund"),

located at 2500 Marcus Avenue, Lake Success, New York 11042 and Defendants Juda

Construction, Ltd. ("Juda"), Fullerton Land Development, Ltd. a/k/a Fullerton Avenue Land Development, Ltd. ("Fullerton"), CTJ Construction, Ltd. ("CTJ"), Chatham Construction, Ltd.; ("Chatham"), Torretta Trucking Inc. ("Torretta"), Finesse Construction LLC ("Finesse"), Innovative Disposal Systems LLC ("Innovative"), Pure Earth, Inc. ("Pure Earth"), Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd. ("American"), Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc. ("South Jersey"); Thomas Attonito ("Attonito"); Nicholas Paniccia ("Paniccia"), and Christopher Uzzi ("Uzzi") (collectively, "Defendants"), and Whitney Trucking, Inc. ("Whitney") hereby enter into this Stipulation and Order of Settlement (the "Stipulation") and stipulate and agree, as follows:

WHEREAS, the Trustees assessed Whitney Trucking, Inc. ("Whitney") with $569,394.00 due to its complete withdrawal from the Fund; and

WHEREAS, on or about August 1, 2006, the United States District Court for the Southern District of New York granted the Trustees a Default Judgment against Whitney in La Barbera v. Whitney Trucking, Inc., 06-CV-3818 (JSR), awarding the Trustees $709,918.45 in withdrawal liability plus interest, costs, and remedies pursuant to 29 U.S.C. § 1132(g)(2), plus $97.37 per diem interest from the date of the application until August 1, 2006; and

WHEREAS, on or about June 14, 2007, the Trustees filed the Complaint in the instant lawsuit, La Barbera v. Juda Construction, 07-CV-5763 (JSR), against Defendants alleging that they are single employers with, successors to, members of a controlled group with, and/or individual alter egos with Whitney, and seeking to hold Defendants liable for Whitney's withdrawal liability and the Judgment amount owed in case number 06-CV-3818; and

WHEREAS, on or about September 26, 2007, Whitney filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit, appealing the District Court's

Order denying Whitney's Motion to Vacate the Default Judgment (Docket No. 07-4255-CV (2nd Cir.)); and

WHEREAS, Defendants, Whitney, and the Trustees are desirous of resolving the disputes and disagreements which exist between them; and

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, Defendants, Whitney, and the Trustees, agree as follows:

I.   SCHEDULE OF PAYMENTS

A.   The Trustees' Judgment against Whitney in La Barbera v. Whitney Trucking, Inc., 06-CV-3818 (JSR), the Trustees' lawsuit against Defendants in La Barbera v. Juda Construction, 07-CV-5763 (JSR), and Whitney's appeal to the Second Circuit in La Barbera v. Whitney Trucking, Inc., Docket No. 07-4255-CV are hereby settled by the payment to the Funds of $650,000.00 ("Settlement Amount").

The first payment in the amount of Two Hundred Fifty Thousand dollars ($250,000.00) shall be due immediately upon execution of this Stipulation.

The $400,000.00 remaining balance of the Settlement Amount (the "Balance") shall be paid as follows: (1) Two Hundred Thousand dollars ($200,000.00) plus ten per cent (10%) per annum interest on the declining Balance from the date of the execution until the date of payment ($40,000.00) no later than the one-year anniversary of the execution by the parties of the Stipulation; and (2) Two Hundred Thousand dollars ($200,000.00) plus ten per cent (10%) per annum interest on the declining Balance from the date of the execution until the date of payment ($20,000.00) no later than the two-year anniversary of the execution by the parties of the Stipulation.

Author: EW   Doc Number:78852                             3

Defendants all agree that they are jointly and severally liable to the Funds for the Settlement Amount and agree to make the payments as set forth in this Stipulation and Order of Settlement, in complete satisfaction of Whitney's withdrawal liability and Judgment Amount in La Barbera v. Whitney Trucking, Inc., 06-CV-3818 (JSR).

B.  Payments will be made as follows:

1.  Defendants shall make all payments by check drawn to the order of the "Local 282 Pension Trust Fund" and deliver them to the Funds' attorneys, Friedman & Wolf, ATTN: Erinn Weeks Waldner, Esq., 1500 Broadway, Suite 2300, New York, New York 10036.

2.  Defendants shall deliver the Stipulation and all exhibits executed by Defendants and Whitney to Friedman & Wolf by 5:00 p.m. on December 13, 2007. Defendants shall deliver the initial $250,000.00 payment to Friedman & Wolf by 5:00 p.m. on December 14, 2007. Defendants shall deliver the bond to Friedman & Wolf by December 21, 2007. Defendants' failure to meet these deadlines shall constitute a Default.

3.  Friedman & Wolf will hold the initial $250,000.00 payment in escrow pending execution of the Stipulation by the Trustees.

4.  The Trustees will execute the Stipulation and return one fully-executed original to Defendants. At that time, Friedman & Wolf will release the settlement check to the Trustees.

5.  Defendants will pay the Balance plus 10% interest per annum by delivering to Friedman & Wolf, in the manner specified above, Two Hundred Thousand dollars ($200,000.00) plus ten (10%) per annum interest from the date of the execution until the date of payment no later than the one-year anniversary of the execution by the parties of the Stipulation; and Defendants shall deliver to Friedman & Wolf Two Hundred Thousand dollars ($200,000.00)

plus ten (10%) per annum interest from the date of the execution until the date of payment no later than the two-year anniversary of the execution by the parties of the Stipulation. No provision within this Stipulation and Order of Settlement shall prohibit Defendants from pre-paying their stipulated indebtedness to the Fund, and Defendants shall have the right to pre-pay without penalty. In the event the Defendants pay the Settlement Amount in full on or before February 28, 2008, no further payments shall be required, and no additional interest or other amounts under this Stipulation shall be required, and Defendants' obligations under this Stipulation and Order of Settlement shall be fulfilled.

Failure to make the payments in the amount and on the schedule specified above shall constitute a Default.

## II.    JOINT AND SEVERAL LIABILITY AND SECURING OF SCHEDULED PAYMENTS

A.    Defendants agree that they are jointly and severally liable for the Settlement Amount.

B.    Defendants agree that they are jointly and severally liable for the amounts owed in the event of a Default as provided in Section III below.

C.    Defendants each shall execute herewith an Affidavit of Confession of Judgment, attached as Exhibits A-M to this Stipulation, and a Consent Judgment, attached as Exhibit N to the Stipulation, in the amount of $710,600.04, plus the Trustees' attorneys' fees and costs from August 1, 2006 to the date of the execution of this Stipulation, plus the Trustees' attorneys' fees and costs incurred enforcing the Stipulation, plus interest from August 1, 2006 to the date of payment in full at the rate specified in Article XI, Section 5(d)(2) of the Fund's

Agreement and Declaration of Trust (the "Confession of Judgment Amount"). Defendants will deliver the signed Affidavits of Confession of Judgment and Consent Judgment to the Trustees' Attorneys upon Defendants' execution of this Stipulation. The Trustees' Attorneys' will hold the Affidavits of Confessions of Judgment and Consent Judgment in escrow. In the event of a Default as specified under Section III below, the Trustees' Attorneys will release them from escrow and submit them to the Court. The Trustees will request that the Court to enter the Consent Judgment against Defendants.

        D.       Defendants Juda, Fullerton, CTJ, Chatham, Torretta, Pure Earth, American, South Jersey, Attonito, Paniccia, and Uzzi shall provide the Trustees, upon their execution of this Stipulation, either a letter of credit from a reputable financial institution or a bond from a reputable bonding company on terms agreeable to the Trustees in the amount of the Balance ($400,000.00) and with an expiration date at least three years from the date of the execution of this Stipulation. In the event of early or final payment of Defendants' complete financial obligation under this Stipulation and Order of Settlement, Trustees agree to release Defendants' bond or letter of credit to Defendant Pure Earth, Inc. no later than five (5) business days after payment is made final.

### III.   DEFAULT, NOTICE, TIME TO CURE, AND ACCELERATION

        A.       Defendants shall notify the Trustees and the Trustees' attorneys by overnight mail and facsimile immediately, but no less than ten (10) days from the occurrence, of the commencement of bankruptcy proceedings (whether involuntary or voluntary) by or against any Defendant, the dissolution of any Defendant, the commencement of any liquidation

proceedings by or against any Defendant, the sale or transfer of substantially all of the assets of any Defendant, or the substantial discontinuation of the business of any Defendant.

        B.     The occurrence of any of the events listed below which is not cured within ten (10) calendar days from the date of the mailing or overnight delivery of notification of said event(s), as set forth in Paragraph B., below shall constitute a Default:

        1.     The failure to pay any portion of the Settlement Amount when due; or

        2.     The commencement of bankruptcy proceedings (whether involuntary or voluntary) by or against Pure Earth, Inc., the dissolution of Pure Earth, Inc., or the commencement of any liquidation proceedings by or against Pure Earth, Inc.; or

        3.     The expiration or revocation of the bond or letter of credit prior to the complete payment of the Settlement Amount to the Fund; or

        4.     The sale or transfer of substantially all of the assets of Pure Earth, Inc., or the substantial discontinuation of the business of Pure Earth, Inc.; or

        5.     The failure of any of the payments owed under this Stipulation to clear collection by the Trustees' bank; or

        6.     The failure of Defendants to comply with any of the terms of this Stipulation; or

        7.     The failure of Defendants to notify the Trustees of the commencement of bankruptcy proceedings (whether involuntary or voluntary) by or against any Defendant, the dissolution of any Defendant, or the commencement of any liquidation proceedings by or against any Defendant; or

8.	The failure of Defendants to notify the Trustees of the sale or transfer of substantially all of the assets of any Defendant, or the substantial discontinuation of the business of any Defendant.

C.	Defendants shall inform the Trustees and the Trustees' attorneys immediately, by overnight mail and facsimile, of any of the events described in Section III-A. The Trustees will notify Defendants' attorneys, by overnight mail, of any failure to make any payment when due or any other event of Default of which they become aware, but this obligation of the Trustees to provide notice does not in any way diminish Defendants' obligation to notify the Trustees as described above.

D.	In the event of a Default, the Confession of Judgment Amount specified in Section II. C., less settlement payments made by Defendants in accordance with the payment schedule, shall become immediately due and owing as of the date of the default occurrence, regardless of when or whether the Court enters the Consent Judgment.

E.	In the event of a Default, the Trustees will submit the Affidavits of Confession of Judgment and the Consent Judgment to the Court and request that the Court enter it.

F.	In the event of a Default, the Trustees will seek to collect on the bond or letter of credit.

G.	In the event of a Default, the Trustees are entitled to collect the Confession of Judgment Amount from any of the Defendants.

H.	In the event of a Default, the Trustees may exercise any or all of the following options, and their failure to implement an option or options at the time of Default

neither limits their right to implement any other option nor to implement those option(s) in the future:

    1.    Request that Court enter the Consent Judgment against Defendants, and commence collection procedures against Defendants;

    2.    Seek contempt remedies for any willful violation of this Stipulation;

    3.    Seek entry of Judgment in the amounts owed under this Stipulation against Defendants in any court of competent jurisdiction;

    4.    Collect on the letter of credit or bond;

IV.    <u>PROMISES AND MUTUAL RELEASES</u>

Upon execution of the Stipulation by Defendants, Whitney, and the Trustees, and receipt by the Trustees of the $250,000.00 first Settlement payment, the Trustees will file the fully-executed Stipulation with the Court in the above-captioned case. The Trustees will request that the Court so order the Stipulation and close the case, but retain jurisdiction over enforcement of the Stipulation. The Trustees and Defendants will participate in any telephone conferences or Court appearances and file any papers as required by the Court and the Individual Rules of Judge Rakoff.

Within five (5) days of Whitney's receipt of the fully-executed Stipulation, Whitney will dismiss its appeal with prejudice in <u>La Barbera v. Whitney Trucking, Inc.</u>, Docket No. 07-4255-CV (2nd Cir.). Whitney and the Trustees agree not to seek attorneys' fees or costs arising from the appeal.

Upon execution of this Stipulation and Order of Settlement, Defendants, Whitney, and the Trustees shall execute the Mutual Release, attached hereto as Exhibit O. Said fully executed Mutual Release shall be held in escrow by counsel for the Trustees, and shall be delivered to Defendants' counsel upon request of Defendants' counsel after the final payment set forth above has been made.

V.     MISCELLANEOUS

   A.     Defendants have been represented by counsel of their choosing; have read this Stipulation and attachments; and have knowingly and freely entered into this Stipulation and attached documents.

   B.     Whitney has been represented by counsel of its choosing; has read this Stipulation and attachments; and has knowingly and freely entered into this Stipulation and attached documents.

   C.     The Court shall retain jurisdiction of this matter. By signing this Stipulation, Defendants and Whitney agree to the Court's exercise of jurisdiction over them for purposes of enforcing their respective obligations set forth in this Stipulation, and the Attachments to this Stipulation.

   D.     This Stipulation shall be binding upon the parties hereto, their successors, administrators, heirs, estates, executors and assigns. In the event that any corporate defendant is sold, assigned, leased, transferred or taken over in any manner including, but not limited to by sale, transfer, lease, assignment, receivership or bankruptcy proceedings, (said purchaser, lessee, transferee, assignee, administrator, executor, receiver, hereafter referred to as "successor"), such successor shall continue to be subject to the terms and conditions of this Stipulation. Defendants

shall give notice of the existence of this Stipulation to any successor. Such notice, including a description of the nature of the transaction, shall be in writing, with a copy to the Trustees' attorneys. The refusal or failure of a successor to agree to assume the obligations of this Stipulation shall constitute an occurrence of Default.

E.   This Stipulation represents the entire understanding between the parties, and, as such supersedes any prior agreements between them, whether oral or written, and may not be changed orally, but may only be modified by a subsequent written agreement executed by all of the parties hereto.

IN WITNESS WHEREOF, the signatories to this Stipulation have caused this Stipulation to be executed by their respective representatives thereunto duly authorized or themselves where indicated:

DEFENDANTS:

Dated: _December 12_, 2007

_/s/ Scott Newman_
Name:

Title: Sec.

Juda Construction, Ltd.

On this _12th_ day of _December_ 2007 before me personally appeared _Scott Newman_, to me known, who, being by me duly sworn, did depose and say that he resides at _1360 Bryant Court_ _Ambler, PA 19002_, that he is the _Secretary_ of Juda Construction, Ltd., the entity described herein and which executed the foregoing instrument.

_/s/ Andrew Jay Multer_
NOTARY PUBLIC

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20_10_

Author: EW   Doc Number:78852            11

DEFENDANTS CONTINUED:

Dated: 12-10, 2007

_____
Name: [signature]
Title: V-P. NICHOLAS PANICCIA

Fullerton Land Development, Ltd. a/k/a
Fullerton Avenue Land Development, Ltd.

On this 10th day of Dec., 2007 before me personally appeared _____, to me known, who, being by me duly sworn, did depose and say that he resides at Armonk, New York _____, that he is the Vice President of Fullerton Land Development, Ltd. a/k/a Fullerton Avenue Land Development, Ltd., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

ATHENA TRUIANO
Notary Public, State of New York
No. 01TR5075427
Qualified in Westchester County
Commission Expires March 31, 2011

Dated: 12-10, 2007

_____
Name: THOMAS ATTONITO
Title: PRES —

CTJ Construction, Ltd.

On this 10th day of December, 2007 before me personally appeared Thomas Attonito, to me known, who, being by me duly sworn, did depose and say that he resides at _____, that he is the President of CTJ Construction, Ltd., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

CHRISTOPHER A. SMITH
NOTARY PUBLIC, State of New York
No. 02SM5003770
Qualified in Westchester & ~~Bronx~~ Counties
Commission Expires November 2, ~~1958~~ 2008

DEFENDANTS CONTINUED:

Dated: 12/10, 2007

Name: CHRIStopher Uzzi
Title: PRES.

Chatham Construction, Ltd.

On this 10th day of December, 2007 before me personally appeared Christopher Uzzi, to me known, who, being by me duly sworn, did depose and say that he resides at Yonkers, New York, that he is the President of Chatham Construction, Ltd., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

ATHENA TRUIANO
Notary Public, State of New York
No. 01TR5075427
Qualified in Westchester County
Commission Expires March 31, 2011

Dated: 12/11/0, 2007

Name:
Title: PRES.

Torretta Trucking Inc.

On this 11th day of December, 2007 before me personally appeared Giuseppe Scalici, to me known, who, being by me duly sworn, did depose and say that he resides at Giuseppe Scalici 1804 Victory Blvd, Staten Island 10314, that he is the President of Torretta Trucking Inc., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

CHRISTOPHER A. SMITH
NOTARY PUBLIC, State of New York
No. 02SM5003770
Qualified in Westchester & Bronx Counties
Commission Expires November 2, 1998

_____,                                      _____,
that he is the _____ of Chatham                              that he is the _____ of Torretta
Construction, Ltd., the entity described                              Trucking Inc., the entity described herein
herein and which executed the foregoing                               and which executed the foregoing
instrument.                                                           instrument.

_____                                        _____
NOTARY PUBLIC                                                         NOTARY PUBLIC

DEFENDANTS CONTINUED:

Dated: _____, 2007                                           Dated: 12 - 13 _____, 2007

                                                                      [signature]

_____                                        _____
Name:                                                                 Name: JANI RODRIGUEZ

Title:                                                                Title: VICE PRESIDENT

Torretta Trucking Inc.                                                Finesse Construction LLC

On this ____ day of _____, 2007                                  On this 13th day of Dec., 2007
before me personally appeared                                         before me personally appeared
_____,                                       JANI RODRIGUEZ _____,
to me known, who, being by me duly sworn,                             to me known, who, being by me duly sworn,
did depose and say that he resides at                                 did depose and say that he resides at
                                                                      745 TEN EYCK AVE

LYNDHURST, NJ 07071, that he is the V.P. of Finesse Construction LLC, the entity described herein and which executed the foregoing instrument.

NOTARY PUBLIC
LUIS A. RUIZ JR
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Oct. 14, 2009

745 TEN EYCK AVE
LYNDHURST, NJ 07071, that he is the VP of Innovative Disposal Systems LLC, the entity described herein and which executed the foregoing instrument.

NOTARY PUBLIC
LUIS A. RUIZ JR
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Oct. 14, 2009

DEFENDANTS CONTINUED:

Dated: 12-13, 2007

Name: JANI RODRIGUEZ

Title: VICE PRESIDENT

Innovative Disposal Systems LLC

On this 13th day of Dec, 2007 before me personally appeared JANI RODRIGUEZ, to me known, who, being by me duly sworn, did depose and say that he resides at

Dated: _____, 2007

Name:

Title:

Pure Earth, Inc.

On this ___ day of _____, 2007 before me personally appeared _____, to me known, who, being by me duly sworn, did depose and say that he resides at

Author: EW   Doc Number:78852           14

DEFENDANTS CONTINUED:

Dated: DECEMBER 12, 2007

_Scott Newman_
Name:

Title: Sec.

Pure Earth, Inc.

On this 12th day of December 2007 before me personally appeared Scott Newman, to me known, who, being by me duly sworn, did depose and say that he resides at 1360 Bryant Court Ambler, PA 19002, that he is the SECRETARY of Pure Earth, Inc., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20__

Dated: DECEMBER 12, 2007

_Scott Newman_
Name:

Title: Sec.

Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd.

On this 12th day of December, 2007 before me personally appeared Scott Newman, to me known, who, being by me duly sworn, did depose and say that he resides at 1360 Bryant Court Ambler, PA 19002, that he is the SECRETARY of Pure Earth Transportation and Disposal Systems, Inc. a/k/a American Transportation and Disposal Systems, Ltd., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20__

DEFENDANTS CONTINUED:

Dated: _December 12_, 2007

_[signature: Scott Newman]_
Name:

Title: _Sec._

Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc.

On this _12th_ day of _December_, 2007 before me personally appeared
_Scott Newman_,
to me known, who, being by me duly sworn, did depose and say that he resides at
_1360 Bryant Court_
_Ambler, PA 19002_,
that he is the _Secretary_ of Pure Earth Materials, Inc. a/k/a South Jersey Development, Inc., the entity described herein and which executed the foregoing instrument.

_[signature]_
NOTARY PUBLIC

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20_10_

Dated: _12-10_, 2007

_[signature: Thomas Attonito]_
Thomas Attonito

On this _10th_ day of _December_, 2007 before me personally appeared Thomas Attonito,
to me known, who, being by me duly sworn, did depose and say that he resides at

_____,
and he executed the foregoing instrument.

_[signature]_
NOTARY PUBLIC

CHRISTOPHER A. SMITH
NOTARY PUBLIC, State of New York
No. 02SM5003770
Qualified in Westchester & ~~Bronx~~ Counties
Commission Expires November 2, ~~1998~~ _2007_

DEFENDANTS CONTINUED:

Dated: /2-/0            , 2007

_____
Nicholas Paniccia

On this 10th day of Dec., 2007
before me personally appeared Nicholas Paniccia,
to me known, who, being by me duly sworn,
did depose and say that he resides at
Armonk New York                ,
and he executed the foregoing instrument.

_____
NOTARY PUBLIC
ATHENA TRUIANO
Notary Public, State of New York
No. 01TR5075427
Qualified in Westchester County
Commission Expires March 31, 2011

Dated: 12/10/07        , 2007

_____
Christopher Uzzi

On this 10th day of December, 2007
before me personally appeared Christopher Uzzi,
to me known, who, being by me duly sworn,
did depose and say that he resides at
Yonkers New York                ,
and he executed the foregoing instrument.

_____
NOTARY PUBLIC

WHITNEY TRUCKING, INC.:

Dated: 12-10            , 2007

_____
Name: THOMAS ATTONITO

Title: PRES —

Whitney Trucking, Inc.

On this 10th day of December, 2007
before me personally appeared
Thomas Attonito                ,
to me known, who, being by me duly sworn,
did depose and say that he resides at

_____
                              ,
that he is the President of Whitney Trucking, Inc., the entity described herein and which executed the foregoing instrument.

_____
NOTARY PUBLIC

CHRISTOPHER A. SMITH
NOTARY PUBLIC, State of New York
No. 02SM5003770
Qualified in Westchester & ~~Bronx~~ Counties
Commission Expires November 2, ~~1998~~ 2011

Author: EW   Doc Number:78852                17

ATHENA TRUIANO
Notary Public, State of New York
No. 01TR5075427
Qualified in Westchester County
Commission Expires March 31, 2011

PLAINTIFFS:

Dated: DEC 17, 2007                              Dated: 14/14/07, 2007

_____                             _____
Name:                                            Name:
Title:  Union Trustee                            Title:  Employer Trustee

Sworn to before me this 17th day of              Sworn to before me this 14th day of
_____, 2007                                    December, 2007

_____                             _____
NOTARY PUBLIC                                    NOTARY PUBLIC

MICHAEL BAUMAN                                   RICHARD C. RAAB
Notary Public, State of New York                 Notary Public, State of New York
No. 01BA4989656                                  No. 01RA6041256
Qualified in New York County                     Qualified in Queens County
Commission Expires December 16, 2009             Commission Expires May 8, 20__

SO ORDERED,

_____
JED S. RAKOFF, U.S.D.J.

Author: EW   Doc Number:78852              18